[No. F032923. Fifth Dist. Mar. 9, 2001.]

WALLICH'S RANCH CO., Plaintiff and Appellant, v.
KERN COUNTY CITRUS PEST CONTROL DISTRICT et al.,
Defendants and Respondents.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part I-A.

## COUNSEL

Brian C. Leighton for Plaintiff and Appellant.

Kahn, Soares & Conway, Jan L. Kahn and Rissa A. Stuart for Defendants and Respondents.

OPINION

WISEMAN, J.—This case involves interpretation of the Citrus Pest District Control Law (Pest Control Law), codified at Food and Agricultural Code section 8401 et seq.[1] We recently addressed the Pest Control Law at length in *People ex rel. Lockyer v. Sun Pacific Farming Co.* (2000) 77 Cal.App.4th 619 [92 Cal.Rptr.2d 115]. In that case we held, in part, that the appropriate procedure for challenging the effectiveness of the Central California Tristeza Eradication Agency's plan for control and eradication of the citrus tristeza virus (CTV) is to first exhaust one's remedies by challenging the budget before the relevant pest control district. We now determine whether this exhaustion requirement also applies to challenges to assessments imposed under the Pest Control Law. We find that it does.

PROCEDURAL AND FACTUAL HISTORIES

Wallich's Ranch Co. (Wallich's Ranch) brought an action against the Kern County Citrus Pest Control District (the District), the Central California Tristeza Eradication Agency (the Agency), and the County of Kern (the County) (collectively defendants) for declaratory and injunctive relief and a refund of the assessments/taxes imposed upon it from 1995 through 1998. After the trial court denied the motion for summary judgment or, in the alternative, for summary adjudication of Wallich's Ranch, the parties entered into a stipulated judgment in favor of defendants. Wallich's Ranch appeals, alleging the assessments/taxes imposed violated article XI, section 11 of the California Constitution, Proposition 62 (Gov. Code, § 53720 et seq.), and Proposition 218 (Cal. Const., arts. XIII C & XIII D).

I.  *Summary of background facts*

   A.  *Pest Control Law**

   .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

   B.  *Citrus grower assessments*

   The Pest Control Law provides a specific mechanism for levying and assessing taxes for district purposes. The county assessor, in making the annual assessment of property, is required to assess any parcel of real property with 25 or more citrus trees on it. The assessor enters the value of

---

[1]All statutory references are to the Food and Agricultural Code unless otherwise indicated.
*See footnote, page 878.

all citrus trees on the assessment roll for each parcel of real property included in the district. Upon completing the assessment roll of the county, the assessor computes and certifies to the board of supervisors the total assessed value, as shown by the assessment roll, of all the citrus trees in the district. (§ 8601.)

The district board is required to file with the board of supervisors "the final budget which sets forth all estimated expenditures of the district for the fiscal year . . . ." (§ 8604, subd. (a).) The board of supervisors is required annually, at the time of levying other county taxes, to levy an assessment upon all the citrus trees planted or growing in the district, regardless of age, as assessed by the assessor. The rate must be such as will produce, after due allowance for delinquency, the amount determined as necessary to be raised on the secured roll. (§ 8604, subd. (b).) If the board of supervisors fails to levy the tax as required, the county auditor must do so. The tax must be collected at the same time, and in the same manner, as the general county taxes. (§ 8606.) The county treasurer is a repository of all the monies and makes disbursements to the district. (§§ 8608, 8610.)

## C.  *Eradication of CTV*

At a CTV symposium held in January 1995, a number of international scientists expressed their unanimous opinion that CTV can be effectively controlled. In March 1995, prior to the passage of Proposition 218, the California Department of Food and Agriculture, at the request of the District and the Agency, conducted an advisory poll of all citrus growers in each participating district in the Agency. The poll addressed the future administration of the CTV eradication program. Over 65 percent of the individual growers who voted supported an aggressive tree removal effort at a cost of $0.28 per tree ($28 per 100-tree acre). These growers represented approximately 60 percent of the actual voting acreage.

The District and Agency plan for the control and eradication of CTV included a testing and tree removal program. Under the plan, the Agency conducted a statistical sampling of trees within a grove, testing for CTV infection. If CTV was found in the sample, the Agency tested all trees in the grove. The grower was then notified of the CTV-infected trees located on the property, and requested to remove those trees.

The County imposed the following citrus pest control assessments on behalf of the District: $33.68 per 100-tree acre for the 1995-1996 fiscal year; $23.55 per 100-tree acre for the 1996-1997 fiscal year; and $23.54 per 100-tree acre for the 1997-1998 fiscal year. As a result, Wallich's Ranch

paid the following assessments to the County: $8,012.47 for the 1995-1996 fiscal year;[2] $5,602.55 for the 1996-1997 fiscal year; and $5,602.16 for the 1997-1998 fiscal year. White Wolf C-28 Ranch, owned by Wallich's Ranch, also paid the following assessments to the County: $2,048.29 for the 1995-1996 fiscal year; $1,432.21 for the 1996-1997 fiscal year; and $1,431.61 for the 1997-1998 fiscal year.

## II.  *Procedural summary*

On September 22, 1997, Wallich's Ranch filed suit against defendants, alleging five causes of action: 1) violation of Proposition 218; 2) violation of Proposition 62; 3) violation of article XI, section 11, subdivision (a) of the California Constitution; 4) declaratory relief; and 5) injunctive relief. The court overruled the District and the Agency's demurrer to the complaint.

Wallich's Ranch moved for summary judgment or, in the alternative, for summary adjudication. The court denied the motion, finding:

"1.  [Wallich's Ranch] neither pleads nor establishes . . . that [it] exhausted its administrative remedies, a jurisdictional prerequisite to judicial consideration of issues, if any. Evans v. City of San Jose (1992) 3 [Cal.App.4th] 728, 732-733 [4 Cal.Rptr.2d 601]; Irvine v. Citrus Pest District Number Two of San Bernardino (1944) 62 [Cal.App.2d] 378, 383 [144 P.2d 857]; . . . §§ 8559-8568 . . . .

"2.  Calif. Const. Art. XIII C is not applicable to the Defendant District because the assessment/fees are not a special tax. [Art. XIII C § 1(d); Govt. Code § 53721; People v. Mahoney (1939) 13 [Cal.2d 729] [91 P.2d 1029]; Santa Clara County Local Transportation Authority v. Guardino (1995) 11 [Cal.4th] 220, 232 [45 Cal.Rptr.2d 207, 902 P.2d 225].]

"3.  Whether an assessment or fee, the Defendant District is exempt from Art. XIII D by virtue of Art. XIII D section 5(a). . . .

"4.  Govt. Code § 53722 does not apply as the [D]istrict is not collecting a special tax. Voter approval not required.

"5.  There is not a violation of Article [XI], § 11(a). There is public accountability. [Howard Jarvis Taxpayers Ass'n v. Fresno Metropolitan Projects Authority (1995) 40 [Cal.App.4th] 1359, 1388 [48 Cal.Rptr.2d 269].]

---

[2]We note that both Wallich's Ranch and defendants state Wallich's Ranch paid $8,124.47 for the 1995-1996 fiscal year. The statement is based on a mathematical error in the declaration of the County's deputy auditor.

"6. The District's collection of funds is not contrary to Article[s] XIII C or [XIII] D, Prop. 62 nor Article [XI].

"7. The County is not subject to declaratory or injunctive relief in favor of [Wallich's Ranch]. Calif. Const. Art. XIII, § 32; Rev. & Tax Code § 4707; [Food & Agr. Code] § 8605-8607."

Because these findings effectively disposed of each cause of action alleged in the complaint, Wallich's Ranch stipulated to judgment entered against it in order to expedite its appeal. Wallich's Ranch filed a timely notice of appeal.

## DISCUSSION

Wallich's Ranch challenges the County's imposition of the citrus pest control assessments for fiscal years 1995-1996, 1996-1997, and 1997-1998 on a number of independent grounds. However, before we reach the merit of those claims, we first determine whether the action is barred based on the failure of Wallich's Ranch to exhaust its administrative remedies. The facts are not in dispute. We therefore apply the de novo standard of review and give no deference to the trial court's ruling. (*Ghirardo v. Antonioli* (1994) 8 Cal.4th 791, 799 [35 Cal.Rptr.2d 418, 883 P.2d 960]; *San Diego Gas & Electric Co. v. City of Carlsbad* (1998) 64 Cal.App.4th 785, 792 [75 Cal.Rptr.2d 534].)

Citing to sections 8559 through 8568, the court found that Wallich's Ranch neither pled nor established it had exhausted its administrative remedies, a jurisdictional prerequisite to judicial consideration of the issues. Wallich's Ranch claims nothing in sections 8559 through 8568, which address the District's budget hearing and protests against the budget, contains an "exhaustion requirement." Wallich's Ranch alternatively maintains it satisfied any exhaustion requirement. We disagree.

We specifically addressed the exhaustion rule for challenging the effectiveness of the Agency's plan to eradicate CTV in *People ex rel. Lockyer v. Sun Pacific Farming Co.*, *supra*, 77 Cal.App.4th 619. Our analysis is directly applicable to the issue here, so we recount it in detail:

"[The defendants] should have objected to the eradication plan by following the District's protest procedures prior to adoption of its final budget. Section 8558 requires the district board to estimate the cost of operating its plan for the next fiscal year. The budget may only be adopted after a noticed hearing, prior to which any grower in the district may make a written protest

to the budget or any item in it. (§§ 8560-8564.) The board must evaluate all protests at the hearing. (§ 8565.)

"We recognize the statute is not well written and does not specifically state an eradication plan may be challenged at the budget hearing. Given the public health and safety issues inherent in the Pest Control Law, in addition to the policy of resolving disputes expeditiously, we find the general exhaustion rule applicable. (See *Sierra Club v. San Joaquin Local Agency Formation Com.* (1999) 21 Cal.4th 489, 510 [87 Cal.Rptr.2d 702, 981 P.2d 543] ['Administrative agencies must be given the opportunity to reach a reasoned and final conclusion on each and every issue upon which they have jurisdiction to act before those issues are raised in a judicial forum.'].)

"Therefore, we find the appropriate procedure for challenging a plan's effectiveness is to first exhaust one's remedies by challenging the budget before the district. If the challenge is not initiated then, the district has no opportunity to address the merits of the protest and to modify the plan (and the budget) accordingly. If we allowed growers to sit back and wait until some undisclosed future time to challenge the effectiveness of a plan, we would promote inconsistent and multiple results through litigation in different courts. The result would be to thwart the purpose of the Pest Control Law—the control and eradication of citrus pests.

"In this case, the District was never given the opportunity to address [the defendants'] contentions regarding the plan's lack of effectiveness for CTV eradication. Further, the District has been prejudiced by [the defendants'] failure to raise [their] objection to the plan prior to its implementation, when the District could have addressed [the defendants'] concerns and still made changes. Based on estoppel principles, the doctrine of laches, and the failure to exhaust administrative remedies, we find [the defendants] [are] precluded from challenging the effectiveness of the Agency's plan. [Citations.]" (*People ex rel. Lockyer v. Sun Pacific Farming Co., supra,* 77 Cal.App.4th at pp. 641-642.)

We see no distinction in the present case. The appropriate procedure for challenging the assessments imposed pursuant to the Pest Control Law is to first exhaust one's remedies by challenging the budget before the district. The assessment imposed on citrus growers, in part, finances the district's operations to eradicate CTV. The assessment is directly based upon the district's final annual budget. (See § 8604.) As explained in *Irvine v. Citrus Pest Dist., supra,* 62 Cal.App.2d at page 383: "While the [Citrus Pest District Control] [A]ct does not provide for notice to the property owners of the

making of the proposed assessment and affords them no opportunity to protest, it does provide for notice, opportunity to protest, and hearing on the question of the adoption of the proposed budget. As the amount of the budget is the variable figure involved in fixing the amount of the assessment, notice, the right to protest, and a hearing on the amount of the budget should satisfy the requirements of due process for after the budget is fixed the computation of the assessments is a simple matter of division and amounts to no more than the performance of a ministerial act. The right to protest an assessment after the budget is fixed would be an idle act and could accomplish nothing. The performance of an idle act need not be required."

Thus, the appropriate procedure to oppose the assessment is to challenge the district budget, at which time the district has an opportunity to address the perceived problems and formulate a resolution. Here, the District was denied any opportunity to address the merits of Wallich's Ranch's claims. We reject the contention of Wallich's Ranch that exhaustion of administrative remedies was not required because the complaint related to constitutional arguments and protesting at the District's budget hearing would have been fruitless. (See *Bockover v. Perko* (1994) 28 Cal.App.4th 479, 486 [34 Cal.Rptr.2d 423] [general rule of exhaustion forbids a judicial action when administrative remedies have not been exhausted, even as to constitutional challenges].) Under our reasoning in *People ex rel. Lockyer v. Sun Pacific Farming Co., supra,* 77 Cal.App.4th at page 642, in order to challenge a citrus pest control assessment, one must first challenge the district's budget.

It is undisputed that Wallich's Ranch did not protest or provide any testimony in opposition to the District's budget for any of the fiscal years in question. In fact, Wallich's Ranch did not in any way challenge the District's budgets for those years. (See *Evans v. City of San Jose, supra,* 3 Cal.App.4th at pp. 732-733 [exhaustion of administrative remedies is jurisdictional prerequisite to resort to courts].) Wallich's Ranch's contention that it exhausted its administrative remedies since it protested for "a number of years" the District's budget is simply without support in the record. The evidence cited by Wallich's Ranch of its "protests" consists of its circulation of petitions to dissolve the District and a February 1997 letter to counsel for the District contending the District was required to comply with Proposition 218. These actions plainly do not evidence a challenge to the District's budget for the fiscal years at issue.

Therefore, we find the action is barred based on the failure of Wallich's Ranch to exhaust its administrative remedies under the Pest Control Law. As a result of our holding, we need not address the remaining contentions of Wallich's Ranch.

## DISPOSITION

The judgment is affirmed. Costs are awarded to defendants.

Thaxter, Acting P. J., and Buckley, J., concurred.