Filed 1/19/16  Ventura Realty & Investment Co. v. City of Buenaventura CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| VENTURA REALTY & INVESTMENT COMPANY,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>CITY OF SAN BUENAVENTURA,<br><br>    Defendant and Respondent. | 2d Civil No. B262285<br>(Super. Ct. No. 56-2013-00442398-CU-MC-VTA)<br>(Ventura County) |

The City of San Buenaventura (the City) assesses a 10 percent transient occupancy tax (TOT) on hotel room rates.  Ventura Realty & Investment Company, a California Corporation doing business as the Bella Maggiore Inn (the Inn), requires its guests to pay a 10 percent tax on the entire room rate, which includes a fixed charge for food and beverages.  In paying the TOT, however, the Inn deducts the portion of tax attributed to the fixed food and beverage charge.  After the City demanded the entire amount collected, the Inn paid and brought an action for declaratory relief.  The trial court entered judgment for the City on the ground that the Inn had failed to exhaust its administrative remedies under the TOT ordinance.  The Inn appeals, and we affirm.

## FACTS AND PROCEDURAL HISTORY

The Inn is a small hotel in downtown Ventura. It is subject to the City's TOT ordinance, which requires all "transients" (defined as hotel guests staying 30 consecutive days or less) to pay a tax equal to 10 percent of the "rent," i.e., the charged nightly room rate. (San Buenaventura Municipal Code,[1] § 4.115.030.) When a hotel operator collects the TOT, "[t]he amount of the tax shall be separately stated from the amount of the rent charged, and each transient shall receive a receipt for payment from the operator." (*Id.* at (C).) The operator shall "remit the full amount of the tax collected to the [City's] tax collector" with a return reflecting "the total rents charged and received and the amount of the tax collected for transient occupants." (*Id.* at (C)(5) & (C)(6).)

If a hotel operator fails to collect, report and remit the TOT or any portion thereof, the City's tax collector shall assess the unpaid amounts against the operator along with any interest and any applicable penalties. (§ 4.115.030 (J).) Within 10 days after being served with notice of an assessment, "such operator may apply in writing to the tax collector for a hearing on the amount assessed. If application by the operator for a hearing is not made within the time prescribed, the tax, interest and penalties, if any, determined by the tax collector shall become final and conclusive and immediately due and payable." (*Id.* at (J)(2).) Within 15 days after being served with notice of the tax collector's post-hearing determination, the hotel operator may appeal to the city council by filing a notice of appeal with the city clerk. (*Id.* at (J)(4).) After an appeal has been perfected, the city council shall conduct a hearing to "hear and consider all evidence produced by the appellant and other witnesses" and shall thereafter serve the appellant with its "written findings . . . which shall be final . . . ." (*Id.* at (J)(6).)

---

[1] Unless otherwise noted, all statutory references are to the San Buenaventura Municipal Code.

2

The Inn's nightly room rate includes a mandatory charge for food and beverages that are provided by Nona's Courtyard Cafe (Nona's), which is located on the premises. During the relevant period, the nightly food and beverage charge for each guest varied from $9.50 to $14.50. The charge is included in the room rate and no deduction is made for guests who decline any portion of the food and beverages offered to them.

In February 2012, the City conducted an audit of the Inn's TOT returns for the period of June 2008 through January 2012. The audit revealed that the Inn was imposing a 10 percent tax on the entire "rent," which includes the nightly food and beverage charge for each guest. Instead of remitting the entire 10 percent to the City, however, the Inn had exempted the amount attributable to the nightly food and beverage charge, resulting in a deficiency of $37,248.86.

On June 20, 2012, Janey Dunn, the City's treasury supervisor, sent a letter to the Inn's CEO and manager, Thomas J. Wood. Dunn stated "the City's position that since the amount of Tax charged the guest is the TOT Ordinance rate of 10% and is disclosed as such to the guest, the amount of Tax collected is the amount of Tax due the City." The letter also noted that the issue had been "discussed at length with Travis Campbell of Ventura Realty Company, on behalf of the Inn." Dunn informed Wood that "[s]hould you wish to offer matters in extenuation or mitigation of this deficiency determination, you may do so in writing directed to me. Please include copies of any documentation that you believe may substantiate a reconsideration of the amount of the deficiency determination."

After receiving no response, Dunn sent another letter to Wood on September 14, 2012. The letter formally demanded that the Inn remit the deficiency of $37,248.86 and included an invoice for payment.

The Inn did not pursue its administrative remedies under section 4.115.030. On October 4, 2012, the Inn's attorney sent a letter "disput[ing] . . . the City's ability to collect any sales or use taxes regarding the consumption of food and beverages in regards to hotel occupancy because that field of taxation is preempted

3

by, inter alia, California Revenue and Taxation Code section 7203.5." Counsel asserted that "neither [the Inn] nor Mr. Wood will respond to the City's unconstitutional demand for payment. If further demand is made, it will be my recommendation that our clients pursue all available legal remedies including, but not limited to, an action to have SBMC chapter 4.115 stricken in its entirety."

On December 6, 2012, the City responded: "If the Inn was itemizing the food and beverage charges on its guest receipts and not charging its guests the 10% TOT on the . . . daily charge, this would probably be appropriate (see Revenue and Taxation Code § 7282.3). Because the Inn is not differentiating on its guest receipts that portion of the guest payment which is attributable to rent as opposed to food and beverage, however, the TOT is applicable to the entire amount." The City reiterated is demand for payment of the $37,248.86 deficiency and added, "[I]t is our understanding that the Inn has continued charging the TOT on each entire guest charge since January, 2012; we therefore expect payment of the amount which has been withheld for that time period as well. If the City does not receive these funds immediately, it will consider taking appropriate legal action against the Inn." The City subsequently determined that the Inn owed an additional $11,101.60 for TOT it had collected between February 2012 and May 2013.

On July 30, 2013, the Inn remitted $37,248.86 to the City.[2] On September 19, 2013, the Inn filed a complaint against the City for declaratory relief. The complaint sought declarations that (1) the Inn was entitled to a refund of the $37,248.86 it paid the City; (2) the City is prohibited from collecting TOT on food and beverage charges that are subjected to state sales taxes; and (3) the City's attempt to collect TOT on those charges is preempted by the California Revenue and Taxation Code. The City's answer included as an affirmative defense that the action was barred by the Inn's failure to exhaust its administrative remedies under

_____

[2] The Inn paid pursuant to section 4.115.100, which compels payment of a tax assessment "as a condition precedent to seeking judicial review of any tax liability."

4

the TOT ordinance.  In its trial brief, the City reiterated this defense and added that complaint was foreclosed by the Inn's failure to submit a claim under Government Code section 910.  The parties stipulated to various facts and the admissibility of documentary evidence.

The City's affirmative defenses were bifurcated and tried first.  After further briefing and argument, the court entered judgment in favor of the City on the ground that the Inn had failed to exhaust its administrative remedies under section 4.115.030.

## DISCUSSION

The Inn contends the court erred in finding the action was barred as a result of the Inn's failure to exhaust its administrative remedies.  We review the ruling de novo (*Wallich's Ranch Co. v. Kern County Citrus Pest Control Dist.* (2001) 87 Cal.App.4th 878, 883), and conclude there was no error.

"Generally, where an adequate administrative remedy is provided by statute or rule of an administrative agency, 'relief must be sought from the administrative body and this remedy exhausted before the courts will act.' [Citation.]  The requirement of exhaustion of the administrative remedy is 'a jurisdictional prerequisite to resort to the courts.' [Citations.]" (*Williams v. Housing Authority of City of Los Angeles* (2004) 121 Cal.App.4th 708, 722.)  ". . . [T]he exhaustion doctrine serves several well-established functions.  First, it allows the administrative agency an opportunity to redress the alleged wrong without resorting to costly litigation.  [Citation.]  Second, even where complete relief is not obtained, it can serve to reduce the scope of the litigation or possibly avoid litigation.  [Citations.]  Third, an administrative remedy ordinarily provides a more economical and less formal forum to resolve disputes and provides an opportunity to mitigate damages.  [Citations.]  Finally, the exhaustion requirement promotes the development of a more complete factual record and allows the administrative agency or entity implicated in the claim an opportunity to apply its expertise, both of which assist later judicial review if necessary.  [Citations.]" (*Ibid.*)

5

The Inn does not dispute that the tax assessment it challenges was made pursuant to section 4.115.030, or that such challenges are generally subject to the administrative remedies set forth in the ordinance. It is also undisputed that the Inn did not pursue its remedies by requesting a hearing within 10 days after being served with notice of the assessment, thereby rendering it "final and conclusive and immediately due and payable." (§ 4.115.030 (J)(2).) The Inn nevertheless claims it can maintain an action for declaratory relief on the ground that the City is applying its TOT ordinance in an unconstitutional manner. The Inn further contends it should be excused from the exhaustion requirement because the remedies provided in section 4.115.030 are ineffective and pursuing them would have been futile. None of these points has merit.

"Ordinarily, an aggrieved taxpayer must exhaust available administrative remedies before resorting to the courts for relief from an erroneous assessment of property taxes. [Citations.]" (*C.H.B. Foods, Inc. v. County of Los Angeles* (1987) 195 Cal.App.3d 821, 824.) The exhaustion rule applies even when it is alleged that a tax has been imposed "in violation of constitutional or statutory mandates." (*Id.* at pp. 824-825, quoting *Security-First Nat. Bank v. County of Los Angeles* (1950) 35 Cal.2d 319, 321.) Moreover, "[i]t is the taxpayer's burden to establish that administrative remedies have been exhausted, or that facts exist which excuse that requirement. [Citation.]" (*Park 'N Fly of San Francisco, Inc. v. City of South San Francisco* (1987) 188 Cal.App.3d 1201, 1208 (*Park 'N Fly*).)

The Inn asserts that its action is not subject to the exhaustion of administrative remedies because Code of Civil Procedure section 1062 states that the right to declaratory relief is "cumulative." That declaratory relief is cumulative to other *legal* remedies, however, is of no moment here. The Inn cannot circumvent the exhaustion requirement simply by framing its action as a claim for declaratory relief, and none of its cited authority indicated otherwise.

In *Agnew v. State Bd. Of Equalization* (1999) 21 Cal.4th 310, the taxpayer plaintiff sought "a declaration of the validity of the Board's policy of

6

requiring payment of accrued interest on a tax deficiency before it will consider a refund claim." (*Id.* at p. 320.) The plaintiffs in *Howard Jarvis Taxpayers Assn. v. City of Roseville* (2002) 97 Cal.App.4th 637, sought a judicial determination that a certain fee was being charged in violation of state law. (*Id.* at p. 638.) Neither of these claims was subject to exhaustion requirements because they did "not involve an issue subject to determination through the administrative refund remedy available to plaintiff." (*Ibid.*; *Agnew*, at p. 320.)

Here, every claim asserted in the Inn's complaint for declaratory relief could have been raised during the administrative review process. Had the Inn invoked its right to a hearing, it would have had the opportunity to "appear and offer evidence why such specified tax, interest and penalties should not be so fixed." (§ 4.115.030(J)(3).) For example, the Inn could have sought to demonstrate that at least a portion of the "tax" it collected on the food and beverage charges was for the payment of state sales tax, not the TOT.[3] The Inn then would have had the right to appeal any adverse decision to the city council, which would have been required to "hear and consider all evidence produced by the appellant and other witnesses." (*Id.* at (J)(6).) Moreover, nothing would have restricted the City's authority to address and resolve the Inn's claims. The Inn's third case, *Brown v. County of Los Angeles* (1999) 72 Cal.App.4th 665, does not involve any issue regarding the exhaustion of administrative remedies. Indeed, the plaintiff in that case filed suit *after* her administrative claims for refunds had been denied. (*Id.* at p. 667.) The Inn, by contrast, did not pursue its administrative remedies, much less exhaust them.

The Inn's claim that the pursuit of its administrative remedies under 4.115.030 would have been futile was not raised below and is thus forfeited. While the Inn is correct in its assertion that new theories involving question of laws on

---

[3] Sales tax on the food and beverage charges at issue would have been 7.25 percent or 7.5 percent. The Inn, however, collected a 10 percent tax on those charges, leading the City to characterize it as TOT rather than sales tax.

undisputed facts can be raised for the first time on appeal (see, e.g., *Marriage v. Priem* (2013) 214 Cal.App.4th 505, 510-511), that exception does not apply here. As we have noted, evidence that the Inn had actually paid sales tax on the food and beverage charges may have led the City to reconsider the assessment. Moreover, this possibility fatally undermines the Inn's claim of futility. The City's' position was not so "certain" that the Inn was excused from pursuing its administrative remedies. (See *Grossmont Union High School District v. California Department of Education* (2008) 169 Cal.App.4th 869, 875.) As the City notes, "there were two levels of administrative appeal which the I[nn] never utilized – the tax collector and the City Council. None of the [City's] three letters even remotely suggested how either of them would rule on this matter."

The cases the Inn offers in support of its futility claim are inapposite. In *Park 'N Fly*, *supra*, 188 Cal.App.3d 1201, the administrative remedy only provided the taxpayer a means of challenging its classification under a particular ordinance as a commercial parking structure. The court thus held that the exhaustion requirement did not apply to the taxpayer's claim that the ordinance was unconstitutional. (*Id.* at pp. 1208-1209.) In *Andal v. City of Stockton* (2006) 137 Cal.App.4th 86, the court held that the "pay first, litigate later" doctrine did not apply to a taxpayer challenge of a fee imposed by city ordinance on the ground that the ordinance was unconstitutionally enacted without voter approval. The court reasoned among other things that the plaintiffs were not seeking a refund and that the ordinance provided "no mechanism for a constitutional challenge to the entire structure under which [it] operates . . . ." (*Id.* at p. 93.)

The Inn's entire complaint is premised upon its request for a refund. The Inn does not claim that section 4.115.030 is unconstitutional, but rather that it is being applied in a manner that conflicts with state law. Because the Inn did not avail itself of the opportunity to litigate its dispute before the tax collector and city council, it is not entitled to declaratory relief. (*Id.* at p. 91, citing *Flying Dutchman* (2001) 93 Cal.App.4th 1129, 1137-1138 ["[D]eclaratory relief, which plaintiffs seek

here, is in the nature of equitable relief, and equitable relief will not be granted it there is a plain, complete, speedy, and adequate remedy at law"].)

The judgment is affirmed. The City shall recover its costs on appeal.

<u>NOT TO BE PUBLISHED.</u>

PERREN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

Tari L. Cody, Judge

Superior Court County of Ventura
_____


James B. Devine, Law Offices of James B. Devine, APC, for Plaintiff and Appellant.

Gregory Diaz, City Attorney, Andy H. Viets, Senior Assistant City Attorney, City of San Buenaventura, for Defendant and Respondent.