**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEISA ELLIOT, individually and on behalf of all others similarly situated, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> SPHERION PACIFIC WORK, LLC, Erroneously Sued As Spherion Pacific Workforce LLC, <br><br> Defendant - Appellee. | No. 08-56516 <br><br> D.C. No. 2:06-cv-05032-ABC-JC <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, Chief District Judge, Presiding

Argued and Submitted February 4, 2010
Pasadena, California

Before: SCHROEDER, FISHER and N.R. SMITH, Circuit Judges.

Leisa Elliot principally appeals the district court's grant of summary

judgment to Spherion Pacific Work, LLC on the basis of her claims that Spherion

failed to: (1) pay her immediately upon completion of each short-term assignment;

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

(2) pay her for all the hours she worked; and (3) include required information on each pay stub. We affirm the district court. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

## I

As a preliminary matter, Elliot claims the district court erred in declining to consider her objections to several pieces of evidence, upon which the district court relied in its summary judgment order.

Under the Central District of California's local rules in place at the time, parties were required to submit objections to evidence used by the opposing party in a motion at least fourteen days before the hearing. Cent. Dist. Local R. 7-9.[1] The court did not abuse its discretion in following the local rules and refusing to consider the evidentiary objections that Elliot does not dispute were filed on August 11, 2008, one day before the summary judgment hearing was scheduled.

## II

Under California labor law, upon discharge of an employee, "the wages earned and unpaid at the time of discharge are due and payable immediately." Cal. Labor Code § 201. Elliot argues that "[b]ecause Spherion always paid her on

---

[1]The rule has since been amended to require that a party file the objections at least twenty-one days before the hearing.

regularly scheduled paydays instead of on those days when her [temporary] assignments terminated, it failed to pay her within the time limits specified by [California Labor Code section 201]." We disagree.

Elliot was not discharged from Spherion's employ upon completion of each short-term assignment. Elliot's employment relationship with Spherion did not end when her temporary placement ended. In fact, after Elliot's last day of temporary placement with Warner Bros., Elliot remained an active Spherion employee by staying in touch with Spherion while looking for new jobs and even declining a job offer from Spherion on one occasion. *See Sullivan v. Kelly Servs., Inc.*, C 07-2784 CW, 2008 WL 4891051, at *3 (N.D. Cal. Nov. 12, 2008).[2]

**II**

Elliot next alleges that Spherion failed to pay her for time spent during "orientation" and time spent searching for jobs between assignments.

As to the time spent in orientation, Elliot presented no statement, provision in the employment contract, or specific law to the district court, obligating Spherion to pay Elliot for her time spent in orientation. Thus, there was no triable

---

[2]Because we conclude that Elliot's completion of each short-term assignment was not a discharge within the meaning of § 201, we need not reach the issue of whether the more recently enacted § 201.3 was a change in, or clarification of, California law.

issue of fact, upon which a reasonable jury could have found for Elliot on this claim.

As to the time spent searching for jobs between assignments, Elliot has presented no evidence regarding the time she spent doing this activity. She admitted that she was paid for all the time she recorded and that she was satisfied with the timesheets. Thus, there is no triable issue of fact where Elliot has failed to present any evidence about what work she did and how much time she spent doing it.

**III**

Lastly, Elliot argues that her wage stub from Spherion failed to include: (1) her social security number, (2) the name of the legal entity that was her employer, and (3) the number of hours Elliot worked and the wages she earned on account of her searching for new temporary assignments and doing orientation.

As to her social security number, Spherion concedes that it failed to include Elliot's social security number on the wage stubs and instead included Elliot's employee identification number. It is undisputed, however, that, as of January 1, 2005, California law required the employee identification number instead of the social security number. *See* Cal. Labor Code § 226(a)(7). Thus, Elliot's claim applies only to the time she worked at Spherion prior to January 1, 2005. Elliot

filed her complaint on July 13, 2006. Because Elliot is claiming penalties under section 226, *see Murphy v. Kenneth Cole Prods., Inc.*, 155 P.3d 284, 293 (Cal. 2007), California's one-year statute of limitations bars this claim. Cal. Civ. Proc. Code § 340.

As to the name of the legal entity that was her employer, Elliot's wage stubs stated that her employer was "Spherion Pacific Work, LLC," instead of Spherion's legal name, "Spherion Pacific Workforce, LLC." This slightly truncated name did not violate section 226.

As to failing to disclose the number of hours worked and wages earned on account of searching for new temporary assignments and doing orientation on the wage stub, this claim is foreclosed by this decision.

## IV

Because Elliot's claims fail under the California Labor Code, she is not entitled to civil penalties for these alleged violations of the California Labor Code and the Fair Labor Standards Act under California Labor Code section 2699. Also, because Elliot's underlying claims fail, the district court did not err in finding Elliot's class claims moot.

**AFFIRMED**