
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RHONIQUE GREEN and OLIVIA GIDDINGS, individually and on behalf of all others similarly situated, <br><br>        Plaintiffs - Appellants, <br><br> v. <br><br> BANK OF AMERICA, N.A. and BANK OF AMERICA CORPORATION, <br><br>        Defendants - Appellees. | No. 13-56023 <br><br> D.C. No. 2:11-cv-04571-R-AGR <br><br> AMENDED MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted September 3, 2015[**]
Pasadena, California

Before: O'SCANNLAIN, TROTT, and BYBEE, Circuit Judges.

The facts and procedural posture of this case are known to the parties, and

we do not repeat them here. The district court dismissed plaintiffs' complaint on

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

two alternative grounds. First, it held that California Wage Order 7-2001, § (14)(A), Cal. Code. Regs. tit. 8, § 11070(14)(A), which requires employers to provide seats to their workers, is preempted by the National Bank Act, 12 U.S.C. § 1 *et seq*. ("NBA"). Second, it held that, even if Section 14(A) were not preempted, plaintiffs failed to properly exhaust their administrative remedies as required by California law. Plaintiffs-appellants argue the district court was wrong on both grounds, and we agree. We therefore reverse the district court's decision and remand with direction that the case be reassigned to a new judge.

*A.      The NBA does not preempt California Wage Order Section 14(A)*

The district court relied on conflict preemption. This species of preemption occurs when state legislation significantly interferes with the purposes or function of a federal law. *English v. Gen. Elec. Co.*, 496 U.S. 72, 78-79 (1990). In the context of the NBA, we have explained the standard as: "whether the state law prevent[s] or significantly interfere[s] with the national bank's exercise of its powers." *Gutierrez v. Wells Fargo Bank, N.A.*, 704 F.3d 712, 722 (9th Cir. 2012) (alterations in original) (citation omitted).

When we have held the NBA preempts state law, it has been because the state law interfered with a national bank's *banking-related* functions or operations. *See Bank of Am. v. City & Cty. of San Francisco*, 309 F.3d 551, 562 (9th Cir. 2002)

2

(state regulation of bank deposit fees); *Rose v. Chase Bank U.S.A., N.A.*, 513 F.3d 1032, 1036-37 (9th Cir. 2008) (state regulation of disclosures about commercial instruments); *Wells Fargo Bank, N.A., v. Boutris*, 419 F.3d 949 (9th Cir. 2005) (state regulation of auditing interest transactions); *see also Watters v. Wachovia Bank, N.A.,* 550 U.S. 1, 12-14 (2007) (state regulation of mortgage activities).

Here, there is no indication that Section 14(A) will significantly interfere with the NBA's functions or purposes. Bank of America argues that it may face civil liabilities under this law, or that it may not be able to manage bank tellers in the way it desires. But the NBA does not insulate national banks from the indirect costs of doing business. At best, Bank of America has shown that forcing banks to provide seats to their employees may have an incidental impact on some general business operations. And this is not enough. *See Gutierrez*, 704 F.3d at 722 (requiring significant interference with banking powers). The NBA does not preempt California Wage Order Section 14(A).

B.      *Plaintiffs properly exhausted their administrative remedies*

Before an employee can bring a civil suit for a violation of California's Labor Code, she must "give written notice . . . to the Labor and Workforce Development Agency and the employer of the specific provisions of [the California Labor Code] alleged to have been violated, including the facts and

3

theories to support the alleged violation." Cal. Lab. Code § 2699.3(a)(1).

Plaintiffs gave written notice of their claims to both the LWDA and Bank of

America. The only question is whether their notices included sufficient "facts and

theories" under § 2699.3(a)(1).

Under California's Labor Code, a written notice is sufficient so long as it

contains some basic facts about the violations, such as which provision was

allegedly violated and who was allegedly harmed.[1] *See Alcantar v. Hobart Serv.*,

800 F.3d 1047 (9th Cir. 2015) (finding California's exhaustion requirements not

satisfied where a plaintiff's allegations were so vague they did not allow the state

agency to "intelligently assess the seriousness of the alleged violations" and the

employer to "determine what policies or practices are being complained of");

*Cardenas v. McLane Foodservices, Inc.*, 796 F. Supp. 2d 1246, 1259-61 (C.D. Cal.

2011) (explaining that plaintiffs need not put forth "every potential fact or every

future theory," and finding a notice sufficient where it identified the specific

plaintiffs aggrieved by the alleged violations); *Moua v. Int'l Bus. Machs. Corp.*,

No. 5:10-cv-01070 EJD, 2012 WL 370570, at *3 (N.D. Cal. Jan. 31, 2012) (same).

---

[1]California law instructs that § 2699.3(a)(1) should be construed liberally in favor of employees. *Home Depot U.S.A., Inc. v. Superior Court,* 120 Cal. Rptr. 3d 166, 176 (Cal. Ct. App. 2010).

Here, given the nature of the plaintiffs' simple seating claim, and the details they included in their notice, plaintiffs have satisfied California's exhaustion requirements. The written notice contained: (1) the specific statute Bank of America allegedly violated, (2) facts about what position plaintiffs held, (3) a statement that plaintiffs could use a seat in their position, and (4) a specific identification of who was allegedly harmed. These facts put the LWDA and Bank of America on notice about the nature of the plaintiffs' claims, namely, that Bank of America was not providing chairs for plaintiffs as California law requires. The simplicity of plaintiffs' claims and the additional details they included distinguish this case from cases such as *Alcantar*—where the plaintiffs merely provided a list of alleged statutory violations. *Alcantar*, 800 F.3d at 1057. Plaintiffs properly exhausted their administrative remedies.

## C.    Reassignment

Plaintiffs request that on remand this case be reassigned to a new district judge. Reassignment is appropriate in unusual circumstances. *D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1040-41 (9th Cir. 2008). In determining whether there are unusual circumstances, we consider: "(1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously expressed views or findings

5

determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness." *Id.* at 1041 (internal citation omitted).

The district judge has wrongly dismissed this case twice, and in over four years, plaintiffs have not been permitted to proceed beyond their initial complaint. In light of the history of this litigation, we conclude that if this case were before the district judge for a third time he would have substantial difficulty in putting his previously expressed views out of his mind, and that interests of efficiency and the appearance of justice weigh in favor of reassignment. *See Rhoades v. Avon Products, Inc.,* 504 F.3d 1151, 1165 (9th Cir. 2007). We therefore direct the Clerk of the United States District Court for the Central District of California to reassign this case to a different judge.

**REVERSED, REMANDED AND REASSIGNED.**