HONORABLE ANDRÉ BIROTTE JR., UNITED STATES DISTRICT COURT JUDGE
Before the Court is Defendant Wal-Mart Stores, Inc.'s ("Walmart") Motion for Judgment on the Pleadings. (Dkt. No. 82 (hereinafter, "Mot.").) Plaintiff Lerna Mays ("Plaintiff") opposed the motion, and Walmart filed a reply. (See Dkt. No. 83 (hereinafter, "Opp'n"); see also Dkt. No. 85 (hereinafter, "Reply").) For the following reasons, the Court DENIES the Motion.
I. BACKGROUND
Plaintiff brought this suit against Walmart on behalf of a putative class of former and current Walmart employees for *1140 alleged violations of the California Labor Code. Plaintiff moved to certify the class and alleged Walmart engaged in three "class-wide policies and practices" that violate California law, including: (1) failing to provide the legal name of the employer on its wage statements; (2) failing to list net wages earned on certain wage statements issued after the Statement of Final Wages; and, (3) failing to timely pay all accrued wages immediately upon separation of employment. (Dkt. No. 43 at 1-2.) Plaintiff sought to certify two classes of Walmart associates: (1) all California workers who received a wage statement between December 16, 2016 to date (the "Wage Statement Class") and (2) all California workers who received one or more wage payments during the period from December 18, 2014 to date, whose employment terminated on or after December 18, 2014, who received additional wages or vacation pay following the issuance of their Statement of Final Wages (the "Former Employee Class").
On August 22, 2018, this Court denied the motion. (Dkt. No. 61 (hereinafter, "Class Cert. Order").) As to the Former Employee Subclass, the Court determined Plaintiff failed to establish numerosity, commonality, and predominance. (Id. at 7-13.) As to the Wage Statement Class, the Court found Plaintiff alleged no plausible concrete injury and therefore did not have standing to sue in federal court. (Id. at 19.) Accordingly, the Court dismissed Plaintiff's second cause of action for lack of standing with leave to amend. (Id. at 20.) The Court denied Plaintiff's subsequent motion for reconsideration of the order denying class certification. (Dkt. Nos. 63, 74.)
On September 12, 2018, Plaintiff filed the First Amended Complaint adding a representative claim under the Labor Code's Private Attorneys General Act ("PAGA") of 2004, Cal. Lab. Code § 2698 et seq. (See generally Dkt. No. 64 (hereinafter, "FAC").) Plaintiff alleges the following causes of action: "(1) Continuing Wages, Cal. Lab. Code §§ 201, 202 and 203 ; (2) Failure to Provide Adequate Pay Stubs, Cal. Lab. Code § 226(a) ; (3) Failure to Provide Reporting Time Pay, IWC Wage Order 7; (4) Unfair Competition, Cal. Bus. & Prof. Code §§ 17200 et seq. ; (5) Failure to Provide Employment Records, Cal. Lab. Code § 226(b) ; (6) Failure to Provide Employment Records upon request, Cal. Lab. Code § 1198.5 ; (7) Violation of the Private Attorneys General Act of 2004, California Labor Code §§ 2698 et seq. " (FAC at 1.) Plaintiff seeks civil penalties under PAGA for Walmart's alleged (1) failure to provide itemized wage statements in violation of Labor Code section 226(a) ; (2) failure to timely pay all wages due in violation of Labor Code sections 201 through 203 and 227.3 ; (3) failure to pay reporting-time pay in violation of Labor Code sections 204 and 1198 ; (4) failure to provide employment records upon request in violation of Labor Code section 226(b) ; and (5) failure to provide employment records in violation of Labor Code section 1198.5. (FAC ¶ 81.)
Specifically, Plaintiff alleges Walmart "has had a consistent policy and/or practice of: (1) failing to timely pay employees all wages due upon termination; (2) knowingly and intentionally failing to timely furnish the proper itemized wage statements to employees; and (3) failing to pay reporting-time pay." (FAC ¶ 5.)
Walmart now moves for judgment on the pleadings as to Plaintiff's second cause of action for failure to provide adequate wage statements under California Labor Code section 226(a) and partial judgment on Plaintiff's seventh cause of action for civil penalties under PAGA on the ground that Plaintiff failed to exhaust administrative remedies. (See generally Mot.)
*1141 II. LEGAL STANDARD
Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed- but early enough not to delay trial-a party may move for judgment on the pleadings." A Rule 12(c) motion follows the same standard as a motion to dismiss. Chavez v. United States , 683 F.3d 1102, 1108 (9th Cir. 2012). A Rule 12(c) motion may thus be predicated on either (1) the lack of a cognizable legal theory, or (2) insufficient facts to support a cognizable legal claim. See Balistreri v. Pacifica Police Dep't , 901 F.2d 696, 699 (9th Cir. 1990). In ruling on a Rule 12(c) motion, the Court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." Fleming v. Pickard , 581 F.3d 922, 925 (9th Cir. 2009). "Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." Id. In a motion for judgment on the pleadings, the Court may consider information "contained in materials of which the court may take judicial notice" and documents attached to the complaint. Heliotrope Gen., Inc. v. Ford Motor Co. , 189 F.3d 971, 981 n.18 (9th Cir. 1999) ; see United States v. Ritchie , 342 F.3d 903, 908 (9th Cir. 2003).
"While Rule 12(c)... does not expressly provide for partial judgment on the pleadings, neither does it bar such a procedure; it is common to apply Rule 12(c) to individual causes of action." Strigliabotti v. Franklin Res., Inc. , 398 F.Supp.2d 1094, 1097 (N.D. Cal. 2005). "Courts have the discretion in appropriate cases to grant a Rule 12(c) motion with leave to amend, or to simply grant dismissal of the action instead of entry of judgment. Franklin v. Adams & Assocs., Inc. , No. 2:16-cv-00303-TLN-KJN, 2017 WL 5177691, at *2 (E.D. Cal. Nov. 7, 2017). Because Walmart's motion asserts contentions relating solely to the sufficiency of the allegations in the complaint, the Court construes these motions as motions for judgment on the pleadings pursuant to Rule 12(c). See Lonberg v. City of Riverside , 300 F.Supp.2d 942, 945 (C.D. Cal. 2004).
III. DISCUSSION
Walmart moves for judgment on the pleadings on Plaintiff's second cause of action for failure to provide adequate wage statements on the grounds that (1) the wage statements complied with Labor Code section 226(a)(8) and (2) Plaintiff failed to plead sufficient facts to establish Article III standing. Walmart also moves for partial judgment on the pleadings on Plaintiff's PAGA claim for failure to exhaust administrative remedies. The Court will address each argument in turn.
A. Walmart Is Not Entitled to Judgment on Plaintiff's Second Cause of Action for Failure to Provide Adequate Wage Statements.
Plaintiff alleges that Walmart "knowingly and intentionally" failed to furnish to her and other aggrieved employees itemized wage statements that include Walmart's name, as required by California Labor Code section 226(a)(8). (FAC ¶¶ 5, 15.)
An employee who suffers an injury "as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover" damages. Cal. Labor Code § 226(e). To recover under Labor Code section 226(e), a plaintiff must show: (1) a violation of section 226(a) that (2) was knowing and intentional, and (3) an injury suffered as a result of the violation. See Suarez v. Bank of Am. Corp. , No. 18-CV-01202-MEJ, 2018 WL 3659302, at *11 (N.D. Cal. Aug. 2, 2018) ; Novoa v. Charter Commns., Inc. , 100 F.Supp.3d 1013, 1025 (E.D. Cal. 2015).
*1142 Walmart moves for judgment on the pleadings on the grounds that Plaintiff has not alleged facts sufficient to support the first element, i.e., a violation of section 226(a). To ensure this Court has standing, the Court will also address the second and third elements.
1. Violation of Section 226(a)(8)
Plaintiff alleges that Walmart violated Labor Code section 226(a)(8), which requires employers to provide accurate, itemized wage statements to employees that list "the name and address of the legal entity that is the employer ," because the wage statements listed "Wal-Mart Associates, Inc.,"-Walmart's payroll company-instead of "Wal-Mart Stores, Inc."-Plaintiff's employer. (See FAC ¶ 15.) Walmart argues that Plaintiff fails to allege sufficient facts to support her claim because the wage statement identified Walmart as the employer and therefore complied with section 226(a)(8). Walmart contends the question at issue is "whether a statutory violation exists simply because the term 'Associates' was used instead of 'Stores' after the name 'Walmart.' " (Mot. at 18.) The answer, in Walmart's view, is no. The Court disagrees.
Here, Plaintiff attached a statement of earnings and deductions to her complaint, which has a "Walmart" logo at the top of the page and includes the following information:
Wal-Mart Statement of Earnings and Deductions
Wal-Mart Associates, Inc.
792 S.W. 8th Street 3522
Bentonville, AR 72716
(FAC, Ex. 8.)
Plaintiff also attached to the complaint a document titled "Notice to Employee" to "communicate employment-related information," which lists "Wal-Mart Stores, Inc." as the name of her employer and 702 S.W. 8th Street, Bentonville, AR 72716 as the physical and mailing address. (FAC, Ex. 3 at WM0006.) The notice lists other names that the employer does business as: "Wal-Mart Supercenter, Wal-Mart Neighborhood Market, Wal-Mart, Wal-Mart Vacations, Sam's Club, [and] Wal-Mart Distribution Center." (Id. ) Finally, the notice states "[t]he worksite employer does not use any other business entity to hire employees or administer wages or benefits." (Id. ) The notice contains no information about the payroll entity "Wal-Mart Associates, Inc."
The search results from the California Secretary of State's website[1] indicate that at least three other "Wal-Mart" entities *1143 share the same address as her employer "Wal-Mart Stores, Inc." and the payroll company "Wal-Mart Associates, Inc." (RJN ¶¶ 2-6; Mohan Decl. ¶¶ 3-8, Exs. 2-6.)
Walmart argues the Court should follow Elliot v. Spherion Pacific Work, LLC , 572 F.Supp.2d 1169 (C.D. Cal. 2008). In Elliot , the court analyzed whether a wage statement that listed the employer as "Spherion Pacific Work, LLC" rather than "Spherion Pacific Workforce, LLC" violated Labor Code section 226(a)(8). Id. at 1179-80. The district court found the inclusion of the "slightly truncated" version of the company's name sufficient, reasoning that the legislature could have required that an employer include the "complete" or "registered" name on the wage statement but chose not to do so. Id.
The court examined Cicairos v. Summit Logistics, Inc. , 133 Cal. App. 4th 949, 35 Cal.Rptr.3d 243 (2005), a decision in which the court found a defendant violated section 226(a)(8) because the wage statements listed "SUMMIT" instead of the employer's full name, "Summit Logistics, Inc.," and failed to include the employer's address. In Elliot , the court explained that "in Cicairos , the documents that the employer contended were proper wage statements were fraught with 'anomalies and confusing elements' insofar as they purported to itemize the hours the employee worked, and they completely lacked the employer's name and address." Elliot , 572 F.Supp.2d at 1180. The employer in Cicairos argued that "driver trip summaries" remedied the deficiencies in the wage statements because the driver trip summaries included the word "SUMMIT" in the logo at the top. Cicairos , 133 Cal. App. 4th at 961, 35 Cal.Rptr.3d 243. The court in Cicairos rejected this argument, finding the employer's use of one word in a logo on the top of the driver trip summaries did not show on wage statements "the name [ ] of the legal entity that is the employer." Id.
Elliot distinguished Cicairos on the ground that the employer in Elliot "referred to itself in plain text, in the body of its wage statements, along with its address, thus clearly identifying itself as the employer." Elliot , 572 F.Supp.2d at 1179-80. It reasoned this was "far from relying on one word in a mere logo on the top of documents that are not even wage statements." Id. The court noted, however, that "an employer using a shortened name or abbreviation that renders the name confusing or unintelligible, may be violating section 226(a)(8)." Id. The Ninth Circuit affirmed in an unpublished decision and provided a succinct explanation, which is worth quoting in full: "As to the name of the legal entity that was her employer, [plaintiff's] wage stubs stated that her employer was 'Spherion Pacific Work, LLC,' instead of Spherion's legal name, 'Spherion Pacific Workforce, LLC.' This slightly truncated name did not violate section 226." Elliot v. Spherion Pac. Work, LLC , 368 F. App'x 761, 764 (9th Cir. 2010). Since then, district courts have consistently applied the rule set forth in Elliot .[2] See Clarke v. First Transit, Inc. , No. CV 07-6476 GAF (MANx), 2010 WL 11459322, at *2 (C.D. Cal. Aug. 11, 2010) ("While First Transit is a shortened form of First Transit Transportation, LLC, the abbreviated form could also refer to First Transit, Inc., a separate and distinct entity. Viewed in the light most favorable to [Plaintiff] ... this truncated name renders the employer's *1144 name 'confusing and unintelligible' in violation of section 226(a)."); York v. Starbucks Corp. , No. CV 08-07919 GAF, 2009 WL 8617536, at *8 (C.D. Cal. Dec. 3, 2009) (acknowledging Cicairos but finding no violation of section 226(a)(8) where the defendants had listed "Starbucks Coffee Company," the registered fictitious name, instead of the registered official name, "Starbucks Corp." on wage statements); see also Mejia v. Farmland Mut. Ins. Co. , No. 2:17-cv-00570-TLN-KJN, 2018 WL 3198006, at *6 (E.D. Cal. June 26, 2018) ; Jones v. Longs Drug Stores Cal., Inc. , No. 08-CV-2156 W (NLS), 2010 WL 11508656, at *4-5 (S.D. Cal. Sept. 13, 2010).
The Court finds Plaintiff has alleged sufficient facts to show Walmart did not list the "legal entity" of Plaintiff's employer. Assuming the "Walmart" logo on Plaintiff's wage statement is a "truncated" version of the employer's name-"Wal-Mart Stores, Inc."-this truncated name renders the employer's name "confusing and unintelligible" in violation of section 226(a)(8) because separate entities share the same initial word "Walmart" in their company titles and Plaintiff has presented at least some evidence that multiple legal entities were using the same Bentonville address during Plaintiff's employment. Thus, Plaintiff has alleged a violation of section 226(a)(8).
2. Knowing and Intentional
A violation of section 226 is "knowing and intentional" when the employer actually knows that it has omitted from a pay statement any item required by section 226(a) ; it is not enough merely to prove a violation of section 226(a). See Willner v. Manpower Inc. , 35 F.Supp.3d 1116, 1131 (N.D. Cal. 2014) ; see also Novoa , 100 F.Supp.3d at 1028. "[A] knowing and intentional failure must be more than an isolated and unintentional payroll error due to a clerical or inadvertent mistake." Willner , 35 F.Supp.3d at 1131 (internal quotation marks omitted); Cal. Labor Code § 226(e)(3). "[T]o satisfy the 'knowing and intentional' requirement, a plaintiff 'need only plead that defendants knew of the facts underlying the alleged violation, and need not plead that defendants had knowledge that their alleged actions were unlawful.' " Perez v. Performance Food Grp., Inc. , No. 15-cv-02390-HSG, 2016 WL 1161508, at *3 (N.D. Cal. Mar. 23, 2016) (quoting Contreras v. Performance Food Grp., Inc. , No. C 14-3380 PJH, 2014 WL 6481365, at *3 (N.D. Cal. Nov. 18, 2014) ); see Suarez v. Bank of Am. Corp. , No. 18-CV-01202-MEJ, 2018 WL 3659302, at *11 (N.D. Cal. Aug. 2, 2018) ; Kao v. Holiday , 12 Cal. App. 5th 947, 962, 219 Cal.Rptr.3d 580 (2017).
Here, Plaintiff alleges Walmart "has had a consistent policy and/or practice of," among other things, "knowingly and intentionally failing to furnish timely [and] proper itemized wage statements to Aggrieved Employees." (FAC ¶ 5.) Specifically, Plaintiff alleges "Wal-Mart has a policy and practice of devoting such insufficient funds to the payroll accounting function that ... Wal-Mart's pay stubs fail to include all of the information required by the Labor Code." (FAC ¶ 37.) Plaintiff further alleges Walmart "has routinely failed to provide Plaintiff and other Aggrieved Employees with ... proper itemized wage statements." (FAC ¶ 42.)
Plaintiff's general allegation that Walmart's noncompliance with the Labor Code was both "knowing[ ]" and "intentional[ ]" is sufficient for purposes of this Motion. Walmart's omissions in the notice to Plaintiff and at least two wage statements for different pay periods (which were attached to the complaint and can be considered for purposes of this Motion) supports a plausible inference that Walmart's noncompliance goes beyond a mere typographical or *1145 otherwise inadvertent error. See Achal v. Gate Gourmet, Inc. , 114 F.Supp.3d 781, 812 (N.D. Cal. 2015).
Thus, Plaintiff has satisfied the second element.
3. Resulting Injury
A plaintiff suffers an injury for purposes of Labor Code section 226(e) if: (1) the employer fails to provide a wage statement altogether; or (2) the employer omits an item required by section 226(a) and the employee "cannot promptly and easily determine from the wage statement alone" one of four enumerated categories of information-one of which is "the name and address of the employer." See Cal. Lab. Code § 226(e)(1), (2) ; Derum v. Saks & Co. , 95 F.Supp.3d 1221, 1229 (S.D. Cal. 2015). "Courts interpreting California law have recognized that 'the possibility of not being paid overtime, employee confusion over whether they received all wages owed them, difficulty and expense in reconstructing pay records, and forcing employees to make mathematical computations to analyze whether the wages paid in fact compensated them for all hours worked' can constitute an injury under section 226(e)." Alonzo v. Maximus, Inc. , 832 F.Supp.2d 1122, 1135 (C.D. Cal. 2011) (quoting Ortega v. J.B. Hunt Transp., Inc. , 258 F.R.D. 361, 374 (C.D. Cal. 2009) ); Perez v. Performance Food Group, Inc. , 2017 WL 6940526 at *11 (C.D.Cal. Dec. 15, 2017).
Here, Plaintiff alleges that Walmart's "failure to provide the accurate name of the employer on wage statements has injured Plaintiff by causing confusion as to who was her actual employer while Plaintiff was working for Defendant." (FAC ¶ 15.) Plaintiff further alleges:
During the course of Plaintiff's employment with [Walmart], wage statements provided to Plaintiff previously listed "Wal-Mart Stores, Inc." on the statements. Subsequently, [Walmart] made the decision to list "Wal-Mart Associates, Inc." on the statements. Obviously, this change caused confusion to Plaintiff and Aggrieved employees as to which was the entity that actually employed them, especially considering that other documents provided to Plaintiff by Defendant clearly indicated that Plaintiff was in fact employed by Wal-Mart Stores, Inc.
(Id. ) Accepting these allegations and the wage statements attached to the complaint as true and construing them in Plaintiff's favor, as we must, the Court concludes that an employee "cannot promptly and easily determine from the wage statement alone" the name of her employer. Accordingly, the Court is satisfied that Plaintiff suffered injury within the meaning of section 226(e).
4. Article III Standing
Walmart argues that Plaintiff's allegation that she was "confused" by her wage statements because Walmart listed "Wal-Mart Associates" as the employer instead of "Wal-Mart Stores" is insufficient to satisfy the injury requirement of Article III. (Mot. at 22.)
To maintain a lawsuit in federal court, a plaintiff must have standing. To demonstrate standing, a plaintiff must plausibly plead facts to establish the following three elements: (1) that he "suffered an injury in fact," (2) that there is "a causal connection between the injury and the conduct complained of," and (3) that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Lujan v. Defenders of Wildlife , 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (citations and quotations omitted).
The presence of an injury in fact is the "[f]irst and foremost" element a plaintiff must show to satisfy standing.
*1146 Steel Co. v. Citizens for a Better Env't , 523 U.S. 83, 103, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). The pleaded injury must be both "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." Lujan , 504 U.S. at 560, 112 S.Ct. 2130 (citations and quotations omitted). To be "particularized," "the injury must affect the plaintiff in a personal and individual way." Id. at 560 n.1, 112 S.Ct. 2130. To be "concrete" the injury "must actually exist,"-that is, it must be "real" and "not abstract" or purely "procedural"- but it need not be tangible. Spokeo, Inc. v. Robins , --- U.S. ----, 136 S.Ct. 1540, 1548-49, 194 L.Ed.2d 635 (2016) (" Spokeo I ") (quotations and citations omitted).
"Article III standing requires a concrete injury even in the context of a statutory violation." Id. at 1549. "Accordingly, the plausible pleading of a flat out violation of a statutory provision will not necessarily support a civil law suit in federal court since 'a bare procedural violation [of a law creating that right], divorced from any concrete harm' will not constitute an injury-in-fact as demanded by Article III." Dutta v. State Farm Mutual Auto. Ins. Co. , 895 F.3d 1166 (9th Cir. 2018) (citing Spokeo I , 136 S.Ct. at 1549 ).
To satisfy Article III's standing requirement, a plaintiff seeking damages for a statutory violation must plausibly allege (1) the statutory violation and (2) a "concrete" injury causally connected to the violation. Spokeo I , 136 S.Ct. at 1549. As explained above, Plaintiff has plausibly alleged a statutory violation. Therefore, the only question is whether she suffered a "concrete" injury for purposes of Article III standing.
Although Plaintiff's allegations regarding injury are relatively general, she alleges the noncompliant wage statements listing "Wal-Mart Associates, Inc." instead of her employer "Walmart Stores, Inc." "caused confusion to Plaintiff ... as to which was the entity that actually employed [her], especially considering that other documents provided to Plaintiff by Defendant clearly indicated that Plaintiff was in fact employed by Wal-Mart Stores, Inc." (FAC ¶ 15.)
As noted in Godhigh c. Savers, LLC , "[t]his is a concrete injury sufficient to establish plaintiffs' standing under Article III." No. 16-CV-02874-WHO, 2016 WL 4585778, at *3 (N.D. Cal. Sept. 2, 2016) (finding plaintiffs pleaded a concrete injury by alleging "they were confused about whether they were paid properly and/or they were misinformed about how many total hours they worked in each pay period"); see Spokeo , 136 S.Ct. at 1549 ("[I]ntangible injuries can nevertheless be concrete.").
Walmart's motion for judgment on the pleadings on Plaintiff's section 226(a)(8) claim is DENIED .
B. Walmart Is Not Entitled to Partial Judgment on Plaintiff's PAGA Claim For Failure to Exhaust Administrative Remedies.
Walmart argues that Plaintiff's PAGA claim is barred to the extent it is based on Walmart's alleged failure to (1) provide adequate wage statements and (2) pay reporting-time compensation because Plaintiff did not exhaust her administrative remedies before initiating this action.[3] (Mot. at 12.)
*1147 Before a plaintiff can pursue a PAGA claim, the plaintiff must exhaust the administrative remedies specified in California Labor Code section 2699.3. Before filing a PAGA claim, a Plaintiff must give written notice to the employer and the California Labor Workforce Development Agency ("LWDA") of the "specific provisions of the [Labor] Code alleged to have been violated, including the facts and theories to support the alleged violation." Id. § 2699.3(a)(1)(A). "If the [LWDA] elects not to investigate, or investigates without issuing a citation, the employee may then bring a PAGA action." Williams v. Superior Court , 3 Cal. 5th 531, 545, 220 Cal.Rptr.3d 472, 398 P.3d 69 (2017). Walmart argues Plaintiff did not satisfy this notice requirement because she failed to allege sufficient facts or identify the employees she sought to represent.
A notice that contains "a string of legal conclusions with no factual allegations or theories of liability to support them ... is insufficient to allow the [LWDA] to intelligently assess the seriousness of the alleged violations." Alcantar v. Hobart Serv. , 800 F.3d 1047, 1057 (9th Cir. 2015). A written notice "is sufficient," however, if "it contains some basic facts about the violations, such as which provision was allegedly violated and who was allegedly harmed." Green v. Bank of Am., N.A. , 634 F. App'x 188, 190 (9th Cir. 2015). A Plaintiff need not put forth "every potential fact or every future theory." Cardenas v. McLane FoodServs., Inc. , 796 F.Supp.2d 1246, 1259-61 (C.D. Cal. 2011) ; see Green , 634 F. App'x at 191 (quoting Cardenas for this proposition); Jones v. AB Acquisition LLC , No. CV 14-8535 DSF (JEMx), 2016 WL 7638188, * 4 (C.D. Cal. Apr. 4, 2016) ("[I]f the claims are simple and are combined with factual allegations, the notice requirement is not difficult to satisfy.").
Plaintiff provided notice of her intent to pursue civil penalties against Walmart in a notice letter to the LWDA dated June 14, 2017, which is attached as Exhibit 2 to the operative complaint. (Dkt. No. 64-1, Ex. 2 (hereinafter, "LWDA Notice").) The letter states that, "[p]ursuant to ... the California Labor Code [and] Private Attorneys General Act," Plaintiff alleges "Walmart violated provisions of the California Labor Code." (Id. at 1.) The letter asserts that "[t]he California Labor Code requires employers to provide its employees, among other things, itemized wage statements" and that "Wal-Mart failed to provide Plaintiff and the Aggrieved Employees pay stubs that contain all of the information required by section 226 of the Labor Code." (Id. at 1-2.) The letter continues by listing all nine requirements enumerated in section 226(a). (Id. at 2 (quoting Cal. Lab. Code § 226 ).) And then, after listing these requirements, the letter states "Plaintiff's wage statements show that Wal-Mart fails to designate on certain wage statements the information required by Cal. Lab. Code § 226(a), such as the inclusive dates of the period for which the employee is paid." (Id. at 2.)
Walmart acknowledges that Plaintiff provides sufficient notice for at least one of Plaintiff's wage statement theories because Plaintiff alleges Walmart "failed to designate inclusive dates for pay periods on its wage statement." (Mot. at 14.) But Walmart argues "Plaintiff did not provide any requisite 'facts and theories' pertaining to the allegations in the [First Amended Complaint] that her wage statements failed to show all accumulated vacation pay *1148 earned, failed to accurately list the gross and net wages paid, and failed to identify the name and address of the legal entity that is the employer." (Id. ) Walmart assumes that the letter must disclose every theory on which a plaintiff seeks civil penalties and allege facts supporting each of those theories. But a plaintiff is not required to put forth "every potential fact or every future theory." Cardenas , 796 F.Supp.2d at 1259-61 (rejecting argument that PAGA's exhaustion requirement requires "inclusion of every potential fact or every future theory" in the notice and reasoning the statute requires that Plaintiffs "put forward sufficient facts to support their claims of labor violations by [the employer]," not "bind Plaintiffs to those facts and theories exactly as laid out," which would be "absurd" and "would undermine the principles of PAGA"). A contrary conclusion would be inconsistent with California public policy, which "favors the effective vindication of consumer protections," because "[h]urdles that impede the effective prosecution of representative PAGA actions undermine the Legislature's objectives." Brown v. Cinemark USA, Inc. , 705 F. App'x 644, 645 (9th Cir. 2017) (quoting Williams , 3 Cal. 5th at 548, 220 Cal.Rptr.3d 472, 398 P.3d 69 ).
The Court finds that Plaintiff's letter complies with Labor Code section 2699.3 because it identifies at least some facts and theories regarding Walmart's alleged failure to provide adequate wage statements in violation of section 226(a). Here, Plaintiff's PAGA letter informs the LWDA that Walmart's wage statements were inadequate because Walmart failed to provide all information required by Labor Code section 226(a), "such as the inclusive dates of the period for which the employee is paid. " (LWDA Notice at 2.) These allegations are sufficient to put Walmart and the LWDA on notice for potential investigation regarding deficiencies in Walmart's wage statements and therefore "satisfies the policy goal of California Labor Code § 2699.3(a)." Brown , 705 F. App'x at 645. Moreover, "[t]he simplicity of plaintiffs' claims and the additional details they included distinguish this case from cases such as Alcantar -where the plaintiffs merely provided a list of alleged statutory violations," Green , 634 F. App'x at 191, and the only facts or theories that could be read into the letter were those "implied by the claimed violations of specific sections of the California Labor Code," Alcantar , 800 F.3d at 1057.[4]
Walmart's final argument is that Plaintiff did not exhaust administrative remedies as to her PAGA claim for failure to pay reporting time compensation because "the allegations regarding reporting pay expressly apply to Plaintiff only, and not to any other aggrieved employees." (Mot. at 16.) The Court disagrees.
The notice sufficiently suggested claims on behalf of aggrieved employees. The letter complains that "Wal-Mart also failed to pay Plaintiff proper reporting time for her last day of work, February 11, 2017." (LWDA Notice at 1.) The letter indicates, "[w]hen Plaintiff arrived for work that day, she was told she was terminated" and "was not paid proper reporting time work for that day." (Id. at 2.) If this was all Plaintiff said in the letter it, might suggest, as Walmart contends, that Plaintiff *1149 was complaining about an individual violation. But PAGA claims "function[ ] as a substitute for an action brought by the government itself." Arias v. Superior Court , 46 Cal. 4th 969, 986, 95 Cal.Rptr.3d 588, 209 P.3d 923 (2009). Thus, PAGA claims, by their very nature, are only brought on a representative basis.
The language in the opening paragraph of Plaintiff's notice-informing the LWDA and Walmart that "Plaintiff seeks civil penalties on behalf of the State of California Labor and Workforce Development Agency, to be shared with all impacted employees"-further undermines Walmart's argument. (LWDA Notice at 1.) This language distinguishes this case from Khan v. Dunn-Edwards Corp. , 19 Cal. App. 5th 804, 228 Cal.Rptr.3d 90 (2018), a case Walmart cites, which concluded the plaintiff's notice to the LWDA and employer was insufficient because it referenced only the plaintiff's claim and in no way suggested that he was seeking relief for other aggrieved employees in a representative capacity.
Walmart's motion with respect to the PAGA claim is DENIED .
IV. CONCLUSION
For the foregoing reasons, the Court DENIES Walmart's Motion for Judgment on the Pleadings.
IT IS SO ORDERED.

Plaintiff requests that the Court take judicial notice of six exhibits. Exhibit 1 is the respondent's brief from Brown v. Ralphs Grocery Co. , Case No. B278911. (RJN, (Dkt. No. 83-1 ("RJN"); Dkt. No. 84, Declaration of Priya Mohan ("Mohan Decl.") ¶ 1, Ex. 1.) Exhibits 2 through 5 are various search results on the California Secretary of State's website. (RJN ¶¶ 2, 5; Mohan Decl. ¶¶ 3-7, Exs. 2-5.) And Exhibit 6 is a copy of Wal-Mart Associates, Inc.'s Statement of Information that it filed with the Secretary of State on September 6, 2018. (RJN ¶ 6; Mohan Decl. ¶ 8, Ex. 6.) Walmart has neither opposed the request or questioned the authenticity of these results. Although the Court may judicially notice that Exhibit 1 was filed in another proceeding, it may not notice the brief for the truth of any facts or arguments recited therein. See Lee v. City of Los Angeles , 250 F.3d 668, 690 (9th Cir. 2001). The California Secretary of State documents have either been issued by or filed with a public agency and are therefore matters of public record. Fed. R. Evid. 201 ; Simon v. Healthways Inc. , No. CV 14-08022 BRO JCX, 2015 WL 1568230, at *3 (C.D. Cal. Apr. 7, 2015). Accordingly, the existence and authenticity of these public records are beyond dispute and therefore properly the subject of judicial notice, although the Court cannot take judicial notice of the facts alleged therein. The Court therefore GRANTS Plaintiff's request for judicial notice.

The Court notes that the Ninth Circuit may soon clarify what it means to furnish "an accurate itemized statement in writing showing ... the name ... of the legal entity that is the employer" in Davidson v. O'Reilly Auto Enterprises, LLC , No. ED CV 17-00603-RGK (AJWx), 2017 WL 8288042, at *3 (C.D. Cal. Oct. 13, 2017), appeal filed , Sept. 5, 2018, No. 18-56188.

In its Motion, Walmart also argues Plaintiff did not exhaust administrative remedies as to her PAGA claim for failure to provide employment records. (Mot. at 13-14.) The Court does not address this argument in the body of this Order because Plaintiff states she is not seeking penalties on her failure to permit inspection of employment records theory. (Opp'n at 2.) In its reply, Walmart insists it is entitled to judgment on the pleadings as to Plaintiff's PAGA claim for employment records in light of Plaintiff's concession. (Reply at 2.) However, courts "have discretion to grant dismissal on a 12(c) motion, in lieu of judgment, on any given claim." Gunn v. Family Dollar Stores, Inc. , No. 3:14-CV-1916-GPC-BGS, 2016 WL 7030363, at *2 (S.D. Cal. Dec. 2, 2016). The Court therefore dismisses Plaintiff's PAGA claim to the extent it is premised on Walmart's alleged failure to provide employment records.

See also Brown v. Ralphs Grocery Co. , 28 Cal. App. 5th 824, 838, 239 Cal.Rptr.3d 519 (2018) (finding allegation of violations of section 226(a) in notice letter were sufficient because the "allegation adds: 'The violations include, without limitation, the failure to include the name and address of the legal entity that is the employer.' This minimal fact supports the alleged violation, making the ... Notice adequate for the alleged violation of section 226, subdivision (a)").