Filed 1/4/18; Certified for Publication 1/22/18 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| HAMID H. KHAN,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>DUNN-EDWARDS<br>CORPORATION,<br><br>    Defendant and<br>Respondent. | B270382<br><br>(Los Angeles County<br>Super. Ct. No. BC477318) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Richard L. Fruin, Judge.  Affirmed.

Diversity Law Group, Larry W. Lee; Law Offices of Choi & Associates and Edward W. Choi for Plaintiff and Appellant.

Reed Smith, Michele J. Beilke, Raymond A. Cardozo, Julia Y. Trankiem and Brian A. Sutherland for Defendant and Respondent.

* * * * * *

1

This lawsuit is brought pursuant to Labor Code section 2698, the Labor Code Private Attorneys General Act of 2004 (PAGA).  We affirm the summary judgment because plaintiff Hamid H. Khan failed to provide adequate notice of his claim to the relevant agency prior to bringing the lawsuit against his former employer Dunn-Edwards Corporation (Dunn-Edwards).

## BACKGROUND

Khan worked at Dunn-Edwards from September 6, 1994, to September 2, 2011.  During normal pay periods, all of Khan's wage statements included the pay period start date.  Khan never looked at his wage statements.  His payments were deposited directly into his bank account.  Khan received his final paycheck on September 13, 2011.  In contrast to all other wage statements, Khan's final wage statement did not include the start date for the pay period.

### 1.  Initial Complaint

In January 2012, Khan sued Dunn-Edwards for receiving his pay check 11 days after his termination, allegedly in violation of Labor Code sections 201 through 203.  He purported to sue on behalf of himself and others similarly situated and alleged that he could establish the prerequisites for a class action lawsuit.

### 2.  Khan's PAGA Notice

On February 28, 2012, after the lawsuit was pending, Khan provided Dunn-Edwards's counsel and the California Labor and Workforce Development Agency with the following notice:

"This correspondence shall constitute written notice under Labor Code § 2699.3 of *my* claims against *my* former employer, Dunn-Edwards Corporation ('Dunn Edwards' or 'Defendant'). Specifically, I allege that Dunn Edwards:

2

"1. Violated Labor Code § 226(a) by failing to identify all of the required information on *my* final paycheck stub/itemized wage statement that I received, including but not limited to the pay period begin date, the correct pay date, and the total hours worked.

"2. Violated Labor Code §§ 201-203 by failing to pay all of *my* earned wages immediately upon termination and failure to pay waiting time penalties as a result thereof."  (Italics added.)

Khan admitted that his notice "makes no mention of any other Labor Code violations and *does not reference any other current or former employee besides Khan*."  (Italics added.)

## 3.  First Amended Complaint

After receiving notice that the Labor and Workforce Development Agency did not intend to investigate the allegations in his notice, Khan filed his first amended complaint (FAC) on April 19, 2012.  The FAC included a cause of action under PAGA. Khan voluntarily dismissed his individual claim described above after the court concluded that he was compelled to arbitrate it.

In the remaining PAGA cause of action, Khan alleged: "upon the last date of his employment, DEFENDANTS did not pay Plaintiff all wages owed immediately on his last date of employment, or within 72 hours thereof.  Rather, as a matter of corporate policy, practice and procedure, DEFENDANTS paid Plaintiff his final wages by mail almost 11 days after his termination.  Further, said final wages failed to include all of Plaintiff's earned wages.  Additionally, the itemized wage statement provided along with said final wages failed to include various information as required pursuant to Labor Code § 226(a), including, but not limited to, the pay period begin date, the correct pay date, and the total hours worked.  Plaintiff alleges

3

that such practice in the payment of final wages by DEFENDANTS were [*sic*] done on a company-wide basis that applied in the same exact manner to all of its former employees in California as a matter of corporate policy, practice and procedure." Based on these allegations, Khan sought civil penalties.

## 4. Summary Judgment

The trial court granted Dunn-Edwards's motion for summary judgment. Among other reasons, the trial court concluded that Khan's notice was insufficient. This appeal followed.

## DISCUSSION

"Summary judgment is appropriate where 'the action has no merit or . . . there is no defense to the action or proceeding.' ([Code Civ. Proc.,] § 437c, subd. (a)(1).) A party seeking summary judgment bears the initial burden of making a prima facie showing that no triable issue of material fact exists. [Citation.] If this burden is met, the party opposing the motion bears the burden of showing the existence of disputed facts. [Citation.] We independently review the granting of summary judgment to ascertain whether there is a triable issue of material fact justifying reinstatement of the action. [Citation.] The trial court's ruling to grant a summary judgment should be upheld only if no triable issue as to any material fact exists, and the moving party is entitled to judgment as a matter of law." (*Deutsche Bank National Trust Co. v. Pyle* (2017) 13 Cal.App.5th 513, 520.)

## 1. Legal Principles

"PAGA was enacted in 2003 to improve enforcement of Labor Code violations. [Citation.] The legislation was a response

to two related problems: (1) many Labor Code provisions were unenforced because they authorized only criminal sanctions and district attorneys tended to target other priorities, and (2) understaffed state enforcement agencies often lacked sufficient resources to pursue available civil sanctions. [Citations.] Citing the importance of adequate financing of labor law enforcement, declining staffing levels for labor law enforcement agencies, and a growing labor market, the Legislature declared it was 'in the public interest to allow aggrieved employees, acting as private attorneys general, to recover civil penalties for Labor Code violations, with the understanding that labor law enforcement agencies were to retain primacy over private enforcement efforts.' " (*Lopez v. Friant & Associates, LLC* (2017) 15 Cal.App.5th 773, 777-778.)

"Under PAGA, an 'aggrieved employee' may file a representative action 'on behalf of himself or herself and other current and former employees' to recover civil penalties for violations of the Labor Code that otherwise would be assessed and collected by the Labor and Workforce Development Agency . . . . [Citations.] For all provisions of the Labor Code for which a civil penalty is not specified, PAGA creates a default civil penalty. [Citation.] The civil penalties available under PAGA are in addition to any other remedies available under state or federal law. [Citation.] Any civil penalty recovered is paid 75 percent to the [Labor and Workforce Development Agency] and 25 percent to aggrieved employees." (*Lopez v. Friant & Associates, LLC, supra*, 15 Cal.App.5th at p. 778.)

"Before bringing a PAGA claim, a plaintiff must comply with administrative procedures outlined in section 2699.3, requiring notice to the [Labor and Workforce Development

5

Agency] and allowing the employer an opportunity to cure unspecified violations not listed in section 2699.5. (§§ 2699, subds. (a), (c), (g)(1), 2699.3.)" (*Lopez v. Friant & Associates, supra*, 15 Cal.App.5th at p. 785.) Our Supreme Court has explained that: "[a]s a condition of suit, an aggrieved employee acting on behalf of the state and other current or former employees must provide notice to the employer and the responsible state agency 'of the specific provisions of [the Labor Code] alleged to have been violated, including the facts and theories to support the alleged violation.' " (*Williams v. Superior Court* (2017) 3 Cal.5th 531, 545.)

"The evident purpose of the notice requirement is to afford the relevant state agency, the Labor and Workforce Development Agency, the opportunity to decide whether to allocate scarce resources to an investigation, a decision better made with knowledge of the allegations an aggrieved employee is making and any basis for those allegations. Notice to the employer serves the purpose of allowing the employer to submit a response to the agency (see Lab. Code, § 2699.3, subd. (a)(1)(B)), again thereby promoting an informed agency decision as to whether to allocate resources toward an investigation." (*Williams v. Superior Court, supra*, 3 Cal.5th at pp. 545-546.)

## 2. Khan Failed to Comply with Required Administrative Procedures

The trial court concluded that "[c]ompliance with the pre-filing notice and exhaustion requirements are mandatory." The trial court further concluded that Khan failed to comply. At the hearing the court stated "unless the group is identified" the notice does not specify the aggrieved employees.

6

On appeal, Khan challenges the trial court's conclusion, arguing that his notice was sufficient even though he limited it to his claims. Khan argues that his notice did not "need to specify that it is being sought for aggrieved employees because plaintiff is a proxy of the state." (Capitalization and boldface omitted.) He argues that his notice should be "assumed to being brought on a representative capacity."

Khan's argument lacks merit. Because his notice expressly applied only to him, it failed to give the Labor and Workforce Development Agency an adequate opportunity to decide whether to allocate resources to investigate Khan's representative action. Because Khan referred only to himself, the agency may have determined that no investigation was warranted. Additionally, the notice failed to provide Dunn-Edwards with an adequate opportunity to respond to the agency since the notice suggested only an individual violation.

Khan's reliance on the unpublished federal district court cases *York v. Starbucks Corp.* (C.D.Cal., Nov. 1, 2012, CV-08-07919 GAF (PJWx)) 2012 WL 10890355 and *Gonzalez v. Millard Mall Services, Inc.* (S.D.Cal., Aug. 21, 2012, 09cv2076-AJB(WVG)) 2012 WL 3629056 is misplaced. In *York*, the notice sent to the Labor and Workforce Development Agency referred to "employees" and employees' "wage statements." (*York*, at p. *4.) In *Gonzalez*, the notice specifically identified two aggrieved employees and also advised the agency that counsel represented them " 'in a potential class action.' " (*Gonzalez*, at p. *3.) Thus in both cases, the notice sufficiently suggested claims on behalf of multiple employees. The notices did not, as did Khan's notice, affirmatively suggest only an individual claim.

7

Khan cites to *Williams v. Superior Court, supra*, 3 Cal.5th 531. *Williams,* however*,* is inapposite: in relevant part, it addressed whether the plaintiff had to provide preliminary proof of alleged PAGA violations before he could engage in broad discovery related to those allegations, not the sufficiency of his original PAGA notice. (*Id.* at pp. 544-549.)

Because Khan failed to give fair notice of the individuals involved, he failed to comply with the administrative requirement, and the trial court properly granted summary judgment.[1]

## DISPOSITION

The judgment is affirmed. Respondent is entitled to costs on appeal.

SORTINO, J.*

WE CONCUR:

RUBIN, Acting P. J.          GRIMES, J.

---

[1] In his reply brief, Khan argues he should be able to pursue claims on his own behalf. The argument is not persuasive. First, he dismissed his individual claims. More significantly, as he concedes, a PAGA action is only a representative action. "Permitting pursuit of only individual penalties appears inconsistent with PAGA's objectives." (*Tanguilig v. Bloomingdale's, Inc.* (2016) 5 Cal.App.5th 665, 676.)

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Filed 1/22/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| HAMID H. KHAN, | B270382 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC477318) |
| v. | |
| DUNN-EDWARDS CORPORATION, | ORDER CERTIFYING OPINION FOR PUBLICATION |
| Defendant and Respondent. | NO CHANGE IN JUDGMENT |

THE COURT:*

      The opinion in the above-entitled matter filed on January 4, 2018, was not certified for publication in the Official Reports. For good cause, it now appears that the opinion should be published in the Official Reports and it is so ordered.

_____

\*     RUBIN, Acting P. J.     GRIMES, J.     SORTINO, J.\*\*

\*\*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

1