Filed 11/30/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| LOURDES SANTOS et al., | H046470 |
| Plaintiffs and Appellants, | (Santa Clara County Super. Ct. No. 2015-1-CV-285065) |
| v. | |
| EL GUAPOS TACOS, LLC, et al., | |
| Defendants and Respondents. | |

In this wage and hour action, the trial court dismissed with prejudice plaintiff Carolina Chavez-Cortez's representative cause of action under the Private Attorneys General Act (PAGA, Lab. Code, § 2698 et seq.) for failure to satisfy notice requirements under the act. She argues that *Khan v. Dunn-Edwards Corp.* (2018) 19 Cal.App.5th 804 (*Khan*), which addressed a deficient PAGA prefiling notice and was considered dispositive by the trial court, was wrongly decided, and that her notice to the Labor and Workforce Development Agency submitted jointly with coplaintiff Lourdes Santos satisfies the statutory requirement. The notice at issue in *Khan* differs substantially from plaintiffs' notice, and we therefore do not find *Khan* controlling here. As we will explain, because plaintiffs' notice alerted the agency and defendants to ongoing Labor Code violations that were not by nature isolated or unique to plaintiffs, the notice was not deficient for failing to reference other aggrieved employees implicated by the representative action. Plaintiffs' letter provided fair notice to the agency of representative claims for meal break, rest break, and overtime violations. We will accordingly reverse the judgment.

## I.  BACKGROUND

In August 2015, Lourdes Santos and Carolina Chavez-Cortez sued their former employer for wage and hour violations.  Under the operative third amended complaint, plaintiffs alleged defendants failed to: provide lawful meal breaks (Lab. Code, §§ 512, 226.7, 1198; second cause of action), authorize and permit rest breaks (Lab. Code, §§ 226.7, 1198; third cause of action), maintain and provide earning statements (Lab. Code, § 226; fourth cause of action), timely pay all wages due upon termination (Lab. Code, § 203; fifth cause of action), and pay compensation for all work performed (Lab. Code, § 1194; seventh cause of action).  Plaintiffs also alleged unfair competition (Bus. & Prof. Code, § 17204; sixth cause of action), and sought civil penalties under PAGA (Lab. Code, § 2698 et seq.; first cause of action).  The complaint alleged Chavez-Cortez was an aggrieved employee within the meaning of PAGA and that she was entitled to seek penalties under PAGA "on behalf of all aggrieved employees" and to prosecute the Labor Code violations under PAGA as to herself and all other aggrieved employees.

Before bringing a PAGA claim, a plaintiff must comply with administrative procedures outlined in Labor Code section 2699.3, requiring notice to the Labor and Workforce Development Agency (LWDA) and allowing the employer an opportunity to cure unspecified violations not listed in Labor Code section 2699.5.  (Lab. Code, §§ 2699, subds. (a), (c), (g)(1), 2699.3.)  "Our Supreme Court has explained that: '[a]s a condition of suit, an aggrieved employee acting on behalf of the state and other current or former employees must provide notice to the employer and the responsible state agency "of the specific provisions of [the Labor Code] alleged to have been violated, including the facts and theories to support the alleged violation." ' " (*Khan*, *supra*, 19 Cal.App.5th at pp. 808–809.)

To satisfy PAGA's prefiling requirements, plaintiffs' attorney provided written notice to the LWDA in July 2015.  The notice stated that El Guapos Tacos LLC (formerly Chacho's) employed Ms. Santos from 2010 to 2013 and Ms. Chavez-Cortez

from 2011 to March 2015; neither was given "off-duty" 30-minute meal breaks or 10-minute rest breaks for every four hours worked; they were not given accurate wage statements; and they were not given their payroll records within 21 days after requesting them in writing. The notice stated that the employer knew of the violations because it used a time card machine, and the payroll records plaintiffs eventually received showed numerous shifts worked without meal breaks and without "clock outs for rest periods." The letter stated, "The foregoing acts and other acts by [employer] violated numerous provisions of the Labor Code, including §§ 203, 226, 226.3, 226.7, 432, 512, 558, 1174, 1198, 2699, and violated Sections 3, 7, 11, and 12 [of] Wage Order 5-2001, issued by California's Industrial Welfare Commission. These Labor Code violations are subject to penalties pursuant to California's Private Attorney[s] General Act[.] [¶] My Clients wish to proceed with Private Attorney[s] General Act (PAGA) claims as authorized by California Labor Code § 2695."

Counsel sent the LWDA an amended notice to include overtime violations based on plaintiffs' pay stubs and wage statements showing "an inordinate amount of hours listed as regular hours for a 15-day period," and possible violations of the requirement that earnings be paid twice during each calendar month (to the extent wages were earned in one pay period and paid later).

Plaintiffs filed the operative complaint in February 2017 against El Guapos Tacos, LLC, and individual defendants. In June 2018, summary judgment was entered for the individual defendants against plaintiff Santos as to the PAGA cause of action, based on Santos's failure to serve notice and initiate her claim within one year after she stopped working for defendants. In August 2018, all defendants moved for judgment on the pleadings as to the PAGA claim asserted by Chavez-Cortez, on grounds that she failed to provide adequate notice of her claim to the LWDA as required by Labor Code section 2699.3. Relying on *Khan*, defendants argued that counsel's notice did not inform the LWDA "of the claims of any other alleged similarly situated but unidentified

3

individuals" or that Chavez-Cortez "intended to pursue this matter on behalf of these unnamed individuals."

The trial court granted judgment on the pleadings, ruling that Chavez-Cortez had failed to exhaust her administrative remedies under Labor Code section 2699.3. "Chavez-Cortez's notice failed to provide fair notice to both her employers and the LWDA of the scope of her claims as including other similarly situated employees. Defendants were initially only provided notice of an individual claim and the LWDA may have chosen not to investigate because it concluded her claims were solely individual."

Plaintiffs filed a notice of appeal and have prosecuted this appeal together. But judgment was entered against Santos on the PAGA cause of action in June 2018, and Santos did not appeal that order. The motion for judgment on the pleadings was brought solely against Chavez-Cortez, and the order granting that motion pertains only to her. Not being a party to or aggrieved by that order, Santos lacks standing to prosecute this appeal. (*Berg & Berg Enterprises, LLC v. Sherwood Partners, Inc.* (2015) 131 Cal.App.4th 802, 814, fn. 6 ["Under Code of Civil Procedure section 902, an appeal may be pursued only by an aggrieved party, which is a person named as a party of record … whose rights or interests are injured by the order or judgment"].) The appeal is thus properly before us with Chavez-Cortez as the sole appellant.[1]

---

[1] Defendants ask us to dismiss this appeal because appellant's appendix does not include the register of actions, plaintiffs' notice of election, or a file stamped copy of defendants' notice of entry of order, as required by the California Rules of Court, rule 8.122(b)(1)-(2) and rule 8.124(b)(1)(A), (C). The trial court sent us electronic copies of the register of actions (which is available online) and plaintiffs' notice of election (with proof of service on defendants). A file stamped copy of defendant's notice of entry of order was not necessary to determine the timeliness of the appeal as required by rule 8.122(b)(2) of the California Rules of Court, as plaintiffs perfected the appeal two days after the challenged order was filed and served on the parties by the trial court. Defendants cite no authority to dismiss an appeal under such circumstances, and we decline to do so.

## II.  DISCUSSION

### A.  LEGAL BACKDROP

"California law closely regulates the working conditions of employees and the payment of their wages." (*Huff v. Securitas Security Services USA, Inc*. (2018) 23 Cal.App.5th 745, 752 (*Huff*).)  An employee can sue to recover wages owed and for statutory damages, or file an administrative complaint with the Labor Commissioner, who may recover penalties in addition to wages owed and do so in an administrative proceeding or in court. (*Ibid*.)  Some Labor Code violations also may be prosecuted as criminal offenses. (*Ibid*.)  Despite those statutory protections, the Legislature found state labor laws were not being effectively enforced.  As a remedy, PAGA was enacted in 2003 to authorize private parties to sue under the Labor Code for the civil penalties previously only recoverable by the state. (*Huff*, at p. 753.)  PAGA thus created a type of qui tam action incentivizing a private party to bring an action to recover a penalty on behalf of the government and receive part of the recovery as compensation. (*Ibid*.)  An employee bringing a representative action under PAGA does so " 'as the proxy or agent of the state's labor law enforcement agencies, not other employees.' " (*Ibid*.)

The act was amended shortly after passage to add section 2699.3, requiring exhaustion of administrative remedies before filing suit. (*Dunlap v. Superior Court* (2006) 142 Cal.App.4th 330, 338.)  According to a legislative analysis, the amendment improved the act " 'by allowing the Labor Agency to act first on more "serious" violations such as wage and hour violations and give employers an opportunity to cure less serious violations.' " (*Id*. at pp. 338–339.)  The amendment was intended to " 'protect[] businesses from shakedown lawsuits, yet ensure[] that labor laws protecting California's working men and women are enforced–either through the Labor Agency or through the courts.' " (*Id*. at p. 339.)

Under the current statutory scheme, civil penalties for Labor Code violations are recoverable "through a civil action brought by an aggrieved employee on behalf of

himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3." (Lab. Code, § 2699, subd. (a).) The aggrieved employee must "give written notice [to] the Labor and Workforce Development Agency and by certified mail to the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation." (Lab. Code, § 2699.3, subd. (a)(1).)

## B. ANALYSIS

Chavez-Cortez argues that *Khan* was wrongly decided, and that PAGA's structure, function, and underlying public policies compel reversal of the order dismissing her PAGA cause of action. As the facts are not in dispute, we review de novo the legal questions raised by the trial court's ruling. (*Wallich's Ranch Co. v. Kern County Citrus Pest Control Dist.* (2001) 87 Cal.App.4th 878, 883.)

We first examine *Khan*. There, the operative complaint alleged the employer failed to pay Khan all wages owed at termination; failed to timely pay Khan at termination; issued a deficient final wage statement; and applied its practices to all former employees on a systemwide basis and as a matter of corporate policy, practice, and procedure. (*Khan*, *supra*, 19 Cal.App.5th at p. 807.) Khan's PAGA notice to the LWDA stated: " 'This correspondence shall constitute written notice under Labor Code § 2699.3 of *my* claims against *my* former employer, [defendant]. Specifically, I allege that [defendant]: [¶] 1. Violated Labor Code § 226(a) by failing to identify all of the required information on *my* final paycheck stub/itemized wage statement that I received, including but not limited to the pay period begin date, and the total hours worked. [¶] 2. Violated Labor Code §§ 201–203 by failing to pay all of *my* earned wages immediately upon termination and failure to pay waiting time penalties as a result thereof.' (Italics added.)" (*Id*. at p. 807.) The notice did not refer to other Labor Code violations or, more importantly, to other employees. (*Ibid*.)

6

The trial court in *Khan* found the notice deficient, stating " 'unless the group is identified' the notice does not specify the aggrieved employees." (*Khan*, *supra*, 19 Cal.App.5th at p. 809.) Khan argued on appeal that his notice did not need to specify that it was on behalf of aggrieved employees because he is a proxy of the state, and the notice should be assumed to have been brought in a representative capacity. (*Ibid*.) The appellate court rejected that argument: "Because his notice expressly applied only to him, it failed to give [LWDA] an adequate opportunity to decide whether to allocate resources to investigate Khan's representative action. Because Khan referred only to himself, the agency may have determined that no investigation was warranted." (*Ibid*.) The notice was also found deficient in that it "failed to provide [the employer] with an adequate opportunity to respond to the agency since the notice suggested only an individual violation." (*Ibid*.) Ultimately, Khan "failed to give fair notice of the individuals involved," and thus "failed to comply with the administrative requirement." (*Id*. at p. 810.)

Plaintiffs' notice is distinguishable from that in *Khan*. The notice does not refer to "my" or "our" claims, does not allege violations flowing solely from an individual termination, and does not suggest that the violations (other than failing to timely produce individual records upon request) are isolated. The notice refers to two aggrieved employees and complains largely of ongoing meal and rest break violations. (The claims alleged by Santos may have been outside the statute of limitations, but they nevertheless informed the LWDA of several years of meal and rest break violations against more than one employee.) The notice describes a punch-card machine used to track an employee's time, thereby alerting the LWDA to a potentially sizable employee pool. The notice refers to "other acts by EMPLOYER" without limiting those acts solely as against either named plaintiff. The notice also states that plaintiffs wish to proceed with their PAGA claims "as authorized by California Labor Code § 2695 [*sic*]."

7

Defendants also rely on *Brown v. Ralphs Grocery Co.* (2018) 28 Cal.App.5th 824 (*Brown*), *Alcantar v. Hobart Service* (9th Cir. 2015) 800 F.3d 1047 (*Alcantar*), and *Sanchez v. Gruma Corp.* (N.D. Cal. June 28, 2019) 2019 Lexis 108949 (*Sanchez*) to argue that a PAGA prefiling notice must refer to "other aggrieved workers." We do not read those cases as standing for such a broad proposition. The notice in *Brown*, which referred to " '[plaintiff] and other aggrieved employees,' " was challenged not on the nature of the representative action but on the factual sufficiency for each alleged Labor Code violation. (*Brown*, at pp. 830, 835.) The notice in *Brown* contained only legal conclusions derived from Labor Code provisions, without stating facts and theories to support the allegations. (*Id*. at pp. 837–838.) For example, notice that the employer " 'failed to pay [the plaintiff] and other aggrieved employees all wages due to them within any time period specified by California Labor Code section 204' " was found insufficient. (*Id*. at p. 837.)

The Ninth Circuit reached the same conclusion in *Alcantar*. Without providing facts or theory to support the claimed violations, the notice in *Alcantar* was deficient for stating only that the employer "(1) failed to pay wages for all time worked; (2) failed to pay overtime wages for overtime worked; (3) failed to include the extra compensation required by ... section 1194 in the regular rate of pay when computing overtime compensation, thereby failing to pay Plaintiff and those who earned additional compensation for all overtime wages due." (*Alcantar*, *supra*, 800 F.3d at p. 1057.)

*Sanchez* involved a notice narrowly drafted to allege "Multiple Labor Code [Violations] Related to [the Employer's] Misclassification of Mr. Sanchez as Exempt from Overtime." (*Sanchez*, *supra*, 2019 Lexis 108949 at p. 5.) Sanchez sought recovery for himself based on the alleged job misclassification. Similar to the notice in *Khan*, the notice in *Sanchez* raised a claim that by its nature was individual, and did not include facts to suggest the misclassification was a systemic problem. The instant case is distinguishable in that the meal and rest break violations and related wage claims alleged

8

by plaintiffs are not the type of claims unique to a particular employee, as the applicable statutory protections extend to all nonexempt employees who simply report to work and perform their jobs on a daily basis.

Defendants argue that because section 2699.3 requires notice to the LWDA of "the facts and theories to support the alleged violation" (Lab. Code, § 2699.3, subd. (a)(1)), a plaintiff must identify "the group of other alleged employees that are also allegedly affected by the claimed wrongs." But the statute refers to a violation in the singular, and it does not require "the 'facts and theories' provided in support of 'alleged' violations [to] satisfy a particular threshold of weightiness, beyond the requirements of nonfrivolousness generally applicable to any civil filing." (*Williams v. Superior Court* (2017) 3 Cal.5th 531, 545.) We do not see how a general reference to "a group of others" or to "other aggrieved employees" is necessary to inform the LWDA or the employer of the representative nature of a PAGA claim. While we appreciate that uniquely individual claims would not satisfy the statute, a prefiling notice is not necessarily deficient merely because a plaintiff fails to state that she is bringing her PAGA claim on behalf of herself *and others*. PAGA claims " 'function[] as a substitute for an action brought by the government itself.' [Citation.] Thus, PAGA claims, by their very nature, are only brought on a representative basis." (*Mays v. Wal-Mart Stores, Inc.* (C.D. Cal. 2019) 354 F.Supp.3d 1136, 1149; *Huff, supra*, 23 Cal.App.5th at p. 760 ["The Labor Commissioner [] has the authority to seek penalties for all known violations committed by an employer—just as a PAGA plaintiff has that authority when standing in the shoes of the Labor Commissioner"].) A PAGA judgment binds not only the named employee plaintiff but also any aggrieved employee not a party to the proceeding. (*Arias v. Superior Court* (2009) 46 Cal.4th 969, 985.)

Because a PAGA claim as a matter of law is a claim "brought by an aggrieved employee on behalf of himself or herself and other current or former employees" (Lab. Code, § 2699, subd. (a)), and because plaintiffs' notice is not by nature or in context

9

limited to an individual claim, plaintiffs' failure to state "and other aggrieved employees" (or otherwise refer to an employee other than themselves) does not expressly or impliedly limit the alleged violations to plaintiff alone. Plaintiffs' letter to the LWDA stated that over the course of five years, two employees were denied meal and rest breaks and not properly compensated for those violations, which could be proven through defendants' time keeping records. The notice provided facts and theories sufficient to put the LWDA on notice of specified Labor Code violations, which satisfies the policy goal of Labor Code section 2699.3 subdivision (a). (See *Williams*, *supra*, 3 Cal.5th at p. 548 ["[s]tate regulation of employee wages, hours and working conditions is remedial legislation for the benefit of the state's workforce," and "[h]urdles that impede the effective prosecution of representative PAGA actions undermine the Legislature's objectives"].) The notice allows the LWDA " 'to intelligently assess the seriousness' " of the violations claimed, and gives defendants, who have access to their own timekeeping records, sufficient information " 'to determine what policies or practices are being complained of so as to know whether to fold or fight.' " (*Brown*, *supra*, 28 CalApp.5th at p. 837.)

### III. DISPOSITION

The judgment is reversed. Appellant Chavez-Cortez shall recover her costs on appeal by operation of California Rules of Court, rule 8.278(a)(1). The appeal is dismissed as to appellant Santos.

10

_____

Grover, J.


**WE CONCUR:**


_____

Greenwood, P. J.


_____

Danner, J.


H046470 - *Santos et al. v. El Guapos Tacos, LLC et al.*

| Trial Court: | Santa Clara County Superior Court<br>Superior Court No. 2015-1-CV-285065 |
|---|---|
| Trial Judge: | Hon. Mary Arand |
| Plaintiffs and Appellants LOURDES SANTOS and CAROLINA CHAVEZ-CORTEZ | Jennifer Rue Kramer<br>Barbara DuVan-Clarke<br>  Jennifer Kramer Legal, APC |
| Defendants and Respondents RICHARD BEERS, JOHN HENRY CONWAY, DAVID RICHARD POWELL, EL GUAPOS TACOS, LLC, JAMES ROBERT BEERS, and SAM RAMIREZ | Eric Bellafronto<br>Benjamin Alexander Emmert<br>  Littler Mendelson |

H046470 - *Santos et al. v. El Guapos Tacos, LLC et al.*