Filed 6/18/24

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| EDELMIRA IBARRA,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>CHUY & SONS LABOR, INC., et al.,<br><br>    Defendants and Respondents. | 2d Civil No. B329899<br>(Super. Ct. No. 56-2021-00561438-CU-OE-VTA)<br>(Ventura County) |

The Labor Code Private Attorneys General Act of 2004 (PAGA) (Lab. Code,[1] § 2698 et seq.) requires employees to submit a prelitigation notice to their employers and the Labor Workforce and Development Agency (LWDA) before filing a representative action.  To comply with PAGA's prefiling notice requirement, the notice must include "the facts and theories" to support the alleged Labor Code violations.  (§ 2699.3, subd. (a)(1)(A).)  The notice must also include nonfrivolous allegations that other aggrieved employees exist.  (§ 2699, subd. (a); *Williams v. Superior Court*

---

[1] Further unspecified statutory references are to the Labor Code.

(2017) 3 Cal.5th 531, 545 (*Williams*); *Khan v. Dunn-Edwards Corp.* (2018) 19 Cal.App.5th 804, 809-810 (*Khan*).)  So long as these requirements are met, we hold a prelitigation notice need not further define "aggrieved employees."

Appellant Edelmira Ibarra appeals from the judgment after the trial court granted the employers' motion for judgment on the pleadings and dismissed Ibarra's PAGA action for failure to comply with PAGA's prefiling notice requirements.  Ibarra contends the trial court erred in finding the prelitigation notice deficient because it did not adequately describe "aggrieved employees."  We agree and reverse.

FACTS AND PROCEDURAL HISTORY

From January to July 2021, Ibarra was employed as a nonexempt employee by defendants Chuy & Sons Labor, Inc., Infinite Herbs, LLC, Baby Root Farms, and G.J. Farms, Inc. (collectively Defendants).  Chuy is a farm labor contractor that provides labor to various client growers.  The remaining three defendants are client growers.

In September 2021, Ibarra sent a prelitigation notice to Defendants and the LWDA alleging Defendants violated several provisions of the Labor Code.  She specifically identified each defendant and alleged they "failed to maintain adequate staffing levels" and gave Ibarra and other nonemployees "too much work to perform," resulting in missed, short, late, and interrupted meal and rest periods without premium pay.  Defendants also allegedly failed to reimburse these employees for safety gloves and protective masks and required them to "work off-the clock," "work during their meal breaks," and "inaccurately" recorded hours worked, resulting in unpaid minimum and overtime wages. Because of these alleged predicate wage and hour violations,

2

Defendants allegedly failed to timely pay all wages owed for every pay period and upon separation from employment, and failed to furnish accurate wage statements and maintain accurate records.  Ibarra made these allegations "on behalf of herself and all other current and former non-exempt employees of Employers in the State of California during the last four years."

In December 2021, Ibarra brought a PAGA lawsuit against Defendants "on behalf of herself and all current and former non-exempt aggrieved employees of [Defendants] in the State of California."  She alleged the same violations set forth in her prelitigation notice.

Defendants moved for judgment on the pleadings contending Ibarra failed to exhaust her administrative remedies before filing the PAGA lawsuit.  They argued Ibarra's prelitigation notice was deficient because it did not clearly identify "aggrieved employees."  The trial court granted the motion without leave to amend and dismissed Ibarra's action without prejudice.

The trial court found Ibarra's PAGA notice deficient because it did not "identify with any clarity the 'aggrieved employees' at issue in this lawsuit."  It explained: "[T]here are several distinct interpretations about how to define the term 'aggrieved employees.' . . . [T]he aggrieved employees could mean only those individuals that Chuy actually provided to work at [G.J. Farms, Baby Root Farms, and Infinite Herbs].  On the opposite end of the spectrum, the aggrieved employees could mean the individuals that Chuy actually provided to work at [G.J. Farms, Baby Root Farms, and Infinite Herbs], plus all other individuals employed independently by each of the three respective co-defendant growers, plus all other individuals Chuy

3

provided to other unnamed growers.  From the language of the notice, there is no way to know who or how many employees are 'aggrieved.' "

As we explain below, the court erred.

DISCUSSION

*Objectives of PAGA*

The Labor Code regulates employee wages, hours, and working conditions.  (*Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal.4th 1004, 1026.)  Because of its "remedial nature," the Labor Code is "to be liberally construed with an eye to promoting such protection."  (*Industrial Welfare Com. v. Superior Court* (1980) 27 Cal.3d 690, 702.)  PAGA is but one set of remedial legislation enacted to redress the systemic underenforcement of worker protections by deputizing "aggrieved employees" to bring civil actions.  (*Arias v. Superior Court* (2009) 46 Cal.4th 969, 980-981 (*Arias*).)

Under PAGA, "aggrieved employees" can bring a civil action on behalf of themselves and other current or former employees to recover civil penalties for Labor Code violations. (§ 2699, subd. (a).)  An "aggrieved employee" is "any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed."  (§ 2699, subd. (c).) To achieve "maximum compliance with state labor laws" and because of declining "staffing levels for labor law enforcement agencies," our Legislature declared "it was . . . in the public interest to allow aggrieved employees, acting as private attorneys general, to recover civil penalties for Labor Code violations." (*Arias*, *supra*, 46 Cal.4th at p. 980.)  "By expanding the universe of those who might enforce the law, and the sanctions violators might be subject to, the Legislature sought to remediate present

4

violations and deter future ones." (*Williams*, *supra*, 3 Cal.5th at p. 546.)

*Analysis*

Before bringing a PAGA lawsuit, "an employee must comply with Labor Code section 2699.3." (*Arias*, *supra*, 46 Cal.4th at p. 981.) That statute requires an aggrieved employee to give written notice to the LWDA and the employer of "the specific provisions of [the Labor Code] alleged to have been violated, including the facts and theories to support the alleged violation." (§ 2699.3, subd. (a)(1)(A).) If the LWDA elects not to investigate, or investigates without issuing a citation, the employee may file a civil action. (§ 2699.3, subd. (a)(2).) If the LWDA does not notify the employee that it intends to investigate within 65 calendar days of the employee's notice to the LWDA, the employee may commence a civil action. (§ 2699.3, subd. (a)(2)(A).)

The prelitigation notice requires more than bare allegations of Labor Code violations. (*Brown v. Ralphs Grocery Co.* (2018) 28 Cal.App.5th 824, 836 (*Brown*).) It must provide sufficient information to allow the LWDA " 'to intelligently assess the seriousness of the alleged violations' or give the employer enough information 'to determine what policies or practices are being complained of so as to know whether to fold or fight.' " (*Id*. at p. 837.) This allows the LWDA the opportunity to " ' "act first on more 'serious' violations such as wage and hour violations and give[s] employers an opportunity to cure less serious violations." ' " (*Santos v. El Guapos Tacos, LLC* (2021) 72 Cal.App.5th 363, 369 (*Santos*).) It also allows "the employer to submit a response to [the LWDA] [citation], again thereby promoting an informed agency decision as to whether to allocate

5

resources toward an investigation." (*Williams*, *supra*, 3 Cal.5th at pp. 545-546.)

Ibarra contends the trial court erred in granting judgment on the pleadings based on its finding that the notice was deficient under section 2699.3 because it did not clearly define "aggrieved employees." We agree the court erred.

Because a motion for judgment on the pleadings is equivalent to a demurrer, we review the trial court's ruling de novo. (*Brown*, *supra*, 28 Cal.App.5th at p. 834.) In determining whether Ibarra's notice complied with PAGA's prefiling notice requirement, we must interpret section 2699.3. We review questions of statutory interpretation de novo. (*Reid v. Google, Inc.* (2010) 50 Cal.4th 512, 527.)

As with any case involving statutory interpretation, our fundamental task is to determine the legislative intent to effectuate the law's purpose. (*Skidgel v. California Unemployment Ins. Appeals Bd.* (2021) 12 Cal.5th 1, 14.) It "is well settled that we must look first to the words of the statute, 'because they generally provide the most reliable indicator of legislative intent.' " (*Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1103.) We give the statutory language its plain and commonsense meaning and examine the language in the context of the statutory framework as a whole to discern its scope and purpose. (*Skidgel*, at p. 14.) Only when the statute's language is ambiguous do we turn to extrinsic aids to assist in interpretation. (*Murphy*, at p. 1103.)

Here, nothing in the plain text of section 2699.3 expressly requires the PAGA plaintiff to define "aggrieved employees" in the prelitigation notice. We decline to read a requirement into the PAGA statute that does not appear therein. (Code Civ. Proc.,

6

§ 1858; *Scottsdale Indemnity Co. v. National Continental Ins. Co.* (2014) 229 Cal.App.4th 1166, 1172 ["a court cannot add or subtract words to or from the statute"].)

Significantly, the statute does not specify that "aggrieved employees" be defined in a particular way. Subdivision (a)(1)(A) of section 2699.3 only requires the PAGA plaintiff notify the employer and the LWDA of "the specific provisions of [the Labor Code] alleged to have been violated, including the facts and theories to support the alleged violation." PAGA's prelitigation notice requirement is "minimal." (*Gunther v. Alaska Airlines, Inc.* (2021) 72 Cal.App.5th 334, 351 (*Gunther*).) The notice " ' "must be specific enough such that the LWDA and the defendant can glean the underlying factual basis for the alleged violations." ' " (*Id.* at p. 350.) A " ' "written notice is sufficient so long as it contains some basic facts about the violations, such as which provision was allegedly violated and who was allegedly harmed." ' " (*Ibid.*)

Our reading of PAGA's prefiling notice requirement is consistent with *Williams*, *supra*, 3 Cal.5th 531. In *Williams*, our Supreme Court examined the notification requirements of section 2699.3 in the context of whether a PAGA plaintiff "must have some modicum of substantial proof before proceeding with discovery." (*Williams*, at p. 545.) The court observed that "[n]othing in . . . [former] section 2699.3, subdivision (a)(1)(A), indicates the 'facts and theories' provided in support of 'alleged' violations must satisfy a particular threshold of weightiness, beyond the requirements of nonfrivolousness generally applicable to any civil filing." (*Ibid.*) Moreover, the court examined other statutory provisions within the PAGA framework and found "no evidence of a legislative intent to impose a heightened

7

preliminary proof requirement" a plaintiff must satisfy before bringing a lawsuit. (*Williams*, at p. 546.) To insert a heightened requirement of proof "would undercut the clear legislative purposes the act was designed to serve." (*Ibid.*)

Similarly, our view is that section 2699.3 does not impose a heightened requirement of defining aggrieved employees in the prelitigation notice. So long as the PAGA plaintiff provides facts and theories to support that alleged wage and hour violations were committed against them, and includes nonfrivolous allegations that other employees were similarly subjected to such practices, the notice is sufficient. Interpreting section 2699.3 to include an additional requirement to define aggrieved employees would be inconsistent with the purpose of PAGA, which is to "advance the state's public policy of affording employees workplaces free of Labor Code violations, notwithstanding the inability of the state agencies to monitor every employer or industry." (*Williams*, *supra*, 3 Cal.5th at p. 546.) "Hurdles that impede the effective prosecution of representative PAGA actions undermine the Legislature's objectives." (*Id*. at p. 548)

Given our interpretation of section 2699.3, we conclude Ibarra's prelitigation notice is sufficient. The notice alleged that four named defendants employed Ibarra from January 2021 through July 2021. Ibarra identified them as Chuy, Infinite Herbs, Baby Root Farms, and G.J. Farms. Ibarra alleged that all four defendants committed numerous wage and hour violations against her "and all other current and former non-exempt employees of Employers in the State of California during the last four years." Ibarra also cited section 2810.3, subdivision (b), which provides that a labor contractor, such as Chuy, is jointly liable with a "client employer" for the workers that the contractor

8

supplies.  Nothing more was required under section 2699.3, subdivision (a)(1)(A).

*Santos*, *supra*, 72 Cal.App.5th 363, supports our conclusion. Our colleagues in the Sixth District considered a similar question regarding the sufficiency of a notice under section 2699.3.  In *Santos*, the notice alleged that employers violated Labor Code provisions against two employees but failed to allege claims " 'of any other alleged similarly situated but unidentified individuals.' " (*Santos*, at p. 367.)  Despite this omission, the notice satisfied PAGA's prefiling requirements.  (*Santos*, at p. 372.)  The court reasoned that "a general reference to 'a group of others' or to 'other aggrieved employees' " was unnecessary "to inform the LWDA or the employer of the representative nature of a PAGA claim," and "a prefiling notice is not necessarily deficient merely because a plaintiff fails to state that she is bringing her PAGA claim on behalf of herself *and others*." (*Santos*, at p. 372.) Because the notice provided facts and theories, complaining largely of ongoing meal and rest break violations, it was "sufficient to put the LWDA on notice of specified Labor Code violations, which satisfies the policy goal of Labor Code section 2699.3, subdivision (a).  [Citation.]  The notice allows the LWDA " ' "to intelligently assess the seriousness" ' of the violations claimed, and gives defendants, who have access to their own timekeeping records, sufficient information ' "to determine what policies or practices are being complained of so as to know whether to fold or fight." ' " (*Ibid*.)

Like *Santos*, it was unnecessary for Ibarra's prelitigation notice to specifically define aggrieved employees in order to satisfy PAGA's prefiling requirements.  Her notice alleged violations of the Labor Code committed against her and other

9

nonexempt employees and provided sufficient facts and theories to apprise the LWDA and the Defendant of the seriousness of the alleged wage and hour violations.

*Khan*, *supra*, 19 Cal.App.5th 804 is not to the contrary. There, the prelitigation notice failed to comply with section 2699.3 where the employee conceded that his notice did "not reference any other current or former employee besides Khan." (*Khan*, at p. 807, italics omitted.) "Because his notice expressly applied only to [Khan], it failed to give the [LWDA] an adequate opportunity to decide whether to allocate resources to investigate." (*Id*. at p. 809.) And "[b]ecause Khan referred only to himself, the [LWDA] may have determined that no investigation was warranted." (*Ibid*.) "Additionally, the notice failed to provide [the employer] with an adequate opportunity to respond to the agency since the notice suggested only an individual violation." (*Ibid*.)

But unlike *Khan*, Ibarra's prelitigation notice sufficiently put the Defendants and the LWDA on notice of the Labor Code violations alleged against her and other similarly situated employees. It did not allege a singular violation against one employee. Rather, the notice clearly alleged that Chuy and the three client growers committed numerous wage and hour violations against her "and all other current and former non-exempt employees of Employers in the State of California."[2]

Defendants contend the prelitigation notice is "fundamentally ambiguous" because it references entities beyond

---

[2] Defendants also cite to several unpublished federal district court cases, but these cases are nonbinding authority and are factually distinguishable. (*Aguirre v. Amscan Holdings, Inc.* (2015) 234 Cal.App.4th 1290, 1298, fn. 5.)

the four named defendants.  Specifically, in addition to referencing the four named defendants, Ibarra alleged her notice was "made on behalf of all persons who are, were, or will be non-exempt employees of Employers, or any related or alter-ego company, corporation, partnership, and/or business entity at any time on or after a date one year prior to the date of this letter in the State of California."  Based on this language, Defendants contend the definition of "aggrieved employees" is subject to several interpretations, rendering it too ambiguous to comply with PAGA's prefiling notice requirement.

We are not persuaded.  Ibarra's reference to "related or alter-ego company, corporation, partnership, and/or business entity" does not render the prelitigation notice too ambiguous to comply with section 2699.3, subdivision (a)(1)(A).  Ibarra, a nonexempt employee of the four named defendants, provided notice of the alleged violations on behalf of herself and "all persons who are, were, or will be non-exempt employees of [the four named defendants]."  It is clear from the notice that "aggrieved employees" include other nonexempt workers in California employed by the four named defendants and against whom these defendants committed the alleged violations.  "That is a broad class of employees, to be sure; but it is a specific class of employees." (*Rojas-Cifuentes v. Superior Court* (2020) 58 Cal.App.5th 1051, 1059.)

To the extent Defendants contend Ibarra cannot bring a PAGA action on behalf of individuals with whom Chuy contracted to work for unnamed client growers or individuals independently employed by the three named client growers, that issue may be fleshed out during discovery.  Ibarra " 'need not set forth "every potential fact or every future theory" ' " in her prelitigation notice

11

(*Gunther*, *supra*, 72 Cal.App.5th at p. 350), and "we see nothing in section 2699.3 suggesting that factual allegations in PAGA notices must exceed those normally found sufficient in complaints." (*Rojas-Cifuentes*, *supra*, 58 Cal.App.5th at p. 1060.)

Ibarra has sufficiently alleged that the four named defendants employed her and other nonexempt employees and violated the Labor Code. Absent a showing of frivolousness (see Code Civ. Proc., § 128.7, subd. (b)), a prelitigation notice under section 2699.3, subdivision (a)(1)(A), does not require the PAGA plaintiff to specify "aggrieved employees." Such a requirement would run counter to PAGA's objectives to "remediate present violations and deter future ones." (*Williams*, *supra*, 3 Cal.5th at p. 546.) We conclude the prelitigation notice complies with section 2699.3, subdivision (a)(1)(A).

DISPOSITION

The judgment is reversed. Ibarra shall recover costs on appeal.

<u>CERTIFIED FOR PUBLICATION.</u>

BALTODANO, J.

We concur:

GILBERT, P. J.                    CODY, J.

12

Benjamin F. Coats, Judge

Superior Court County of Ventura

_____

Matern Law Group, Matthew J. Matern, Debra J. Tauger, Launa Adolph and Olivia Green for Plaintiff and Appellant.

Light Gabler, Jamie N. Stein and Thomas Solmer for Defendants and Respondents.